HARRY ALLISON GOLDSTEIN, EXECUTOR, ETC., PLAIN-TIFF-RESPONDENT, v. PHILLIPPO SINISCALCO, DE-FENDANT-APPELLANT.

Submitted January term, 1927—Decided March 18, 1927.

**Foreign Judgments—Defendant Appeals and Offers Ten Grounds Therefor—These Have Been Examined and Found Without Merit—A Judgment Rendered in a Foreign State, When Sued on Here, Can be Impeached Only on Ground That the Ad-Judging Court Did Not Have Jurisdiction.**

On appeal.

Before Justices PARKER, BLACK and CAMPBELL.

For the appellant, *Alberico O. Ciccarelli.*

For the respondent, *Insley, Vreeland & Decker.*

PER CURIAM.

This suit was brought in the Hudson County Court of Common Pleas to recover the amount of a judgment, $805 damages and $46.12 costs, entered in the Superior Court of Fairfield county, at Bridgeport, in the State of Connecticut.

Upon notice and affidavits attached, the answer was stricken out, the damages assessed at $873.18 and judgment final was entered in that court for $873.81. The defendant appeals and filed seven grounds of appeal, after which, three additional grounds of appeal were filed. These various grounds of appeal call for no extended discussion. They are all without legal merit. Our Evidence act (2 *Comp. Stat.*, p. 2225, § 16) provides suits on a foreign judgment, the defendant may show that the defendant therein was not summoned, did not appear, or was not within the jurisdiction of the foreign court. These facts all appear in the record and are not denied. This topic, suits on foreign judgments, was examined by Chief Justice Beasley in the leading case of *Jardine* v.

*Reichert*, 39 *N. J. L.* 165, which leaves nothing to be added, and which ever since it was promulgated has been the accepted law of the state. That case holds, a judgment rendered in another state, when sued on here, can be impeached only on the ground that the adjudging court did not have jurisdiction over the person of the defendant or the subject-matter. If the defendant was present in the foreign state, when the proceedings were begun, and process was served upon him, no irregularity in such service, unless such as deprived it of all citatory effect, can be set up against the judgment ensuing thereon, in a suit on such judgment, in this state. To the same effect are the cases *Patterson* v. *Taylor*, 78 *Id.* 10; *Hazel* v. *Jacobs, Id.* 459; *Smith* v. *Swart*, 134 *Atl. Rep.* 755.

Finding no error in the record, the judgment of the Hudson County Court of Common Pleas is affirmed.