HENRY CROFUT WHITE ET AL., RESPONDENTS, v. SELICK J. MINDES, APPELLANT.

Submitted January 25, 1929—Decided April 25, 1929.

Before Justices BLACK, CAMPBELL and CASE.

For the respondents, *Henry Crofut White.*

For the appellant, *Coult, Satz & Tomlinson.*

The opinion of the court was delivered by

BLACK, J. This suit was brought on a judgment recovered in a court of record in the city of New York for the sum of $1,144.35. The complaint alleges that personal service

was made upon the defendant in New York. An answer and counter-claim were filed. The counter-claim alleges that the plaintiff was a physician, surgeon and dentist, and performed services on one Kate A. Mindes, the wife of the defendant, and by reason of malpractice claims $10,000 damages against the plaintiff, on the counter-claim.

The case coming on for hearing before the judge of the Circuit Court in Essex County, he ordered the answer and counter-claim stricken out and final judgment entered in favor of the plaintiffs for the sum of $1,925.84, the amount of the New York judgment, with interest. This is the ground of appeal, which presents but a single point of law, viz.: Can a counter-claim be maintained against the New York judgment in this suit? This precise point does not seem to have been considered in any of our reported cases. There is no point made about striking out the answer. In the case of *Jardine* v. *Reichert,* 39 *N. J. L.* 165, in an opinion by Chief Justice Beasley, it was held, that a judgment rendered in another state, when sued on here, can be impeached only on the ground that the adjudging court did not have jurisdiction over the person of the defendant, or the subject-matter. The application of that case, to the facts of the case under discussion, leads to the affirmance of the Essex County Circuit Court. *Goldstein* v. *Siniscalco,* 5 *N. J. Mis. R.* 382; 136 *Atl. Rep.* 593. The Evidence act (2 *Comp. Stat., p.* 2225, § 16) provides that in suits upon a foreign judgment, or a judgment of any court out of this state, the defendant, or person sought to be affected by such judgment, may show that the defendant therein was not summoned, did not appear or was not within the jurisdiction of such foreign court, notwithstanding it may be recited in the record of such proceedings, that he was summoned, &c., and such recital shall not conclude said defendant, or estop him from proving that the same is not true. This subject was considered by the Court of Errors and Appeals in the case of *Smith* v. *Swart,* 103 *N. J. L.* 150. The conclusion reached in that case is in harmony with the decision in the case of *Jardine* v. *Reichert, supra,* which is the leading case on this subject in our reports. 15 *R. C. L.*

915, § 394; 23 *Cyc.* 1511 (*E*) *Defenses;* 34 *Corp. Jur.* 1131, § 1606 (2); *Ibid.,* 1114, § 1582.

It is argued, however, in the appellant's brief, that there is some authority to the contrary, which is stated in 23 *Cyc.* 1205; citing *Jordahl* v. *Berry, 72 Minn.* 119; 45 *L. R. A.* 541; *Sale* v. *Eichberg, 105 Tenn.* 333; 52 *L. R. A.* 894; *Ressequie* v. *Byers, 52 Wis.* 650; 38 *Am. Rep.* 775. But these cases, so far as we have been able to examine them, involve controversies over judgments recovered in the same state, in which the controversy arose; such as, a suit for professional services, then, a second suit in the same state for malpractice. A different principle is involved in those cases, from that to be applied to the situation of the case under discussion. 15 *R. C. L.* 1043, § 522.

For the reasons expressed in the opinion of Chief Justice Beasley, in the case of *Jardine* v. *Reichert, supra,* applied to the facts of this case, the judgment of the Essex County Circuit Court is affirmed.