9 N.J. Super. 219 (1950)
75 A.2d 822
JEROME H. TAUB, PLAINTIFF-RESPONDENT,
v.
JOHN B. TAUB AND IRVING SCHWARTZ, EXECUTORS AND TRUSTEES UNDER THE LAST WILL AND TESTAMENT OF ABNER B. TAUB, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued September 18, 1950.
Decided October 11, 1950.
*220 Before Judges JACOBS, BIGELOW and JAYNE.
Mr. Meyer Pesin argued the cause for the appellants (Mr. Hiram Elfenbein, attorney).
Mr. Morris M. Ravin argued the cause for the respondent.
The opinion of the court was delivered PER CURIAM.
The facts presented to the Chancery Division on the motion for summary judgment are fully set forth in the opinion filed by Judge Haneman and need not be restated here; we agree with his conclusions that they established a trust in plaintiff's favor and entitled him to the relief awarded by the judgment. Eagles Building & Loan Association v. Fiducia, 135 N.J. Eq. 7 (Ch. 1944); affirmed, 136 N.J. Eq. 117 (E. & A. 1945); Liberty Title & Trust Co. v. Plews, 6 N.J. Super. 196, 212 (App. Div. 1950); certif. granted, 4 N.J. 459 (1950). Our only concern is whether there is any merit to the appellant's contention that the cause *221 should not have been determined on summary application but should have awaited trial.
After the complaint and answer were filed the plaintiff received formal admissions pursuant to requests made under Rule 3:36. Pretrial conference was held and a pretrial order was filed on November 2, 1949, which stated, in part, that the parties agreed that the matter "may be submitted to the Court" upon the admissions and that certain documents referred to therein may be marked exhibits P-1 to P-26, inclusive, and "are true and genuine." Thereafter the plaintiff served and filed notice of motion pursuant to Rule 3:56 for summary judgment. Although the notice of motion was not accompanied by supporting affidavit it expressly stated that it was based on the pleadings, exhibits and admissions. See Fletcher v. Evening Star Newspaper Co., 133 F.2d 395 (D.C. Cir. 1942). The defendants filed no affidavits or any other proof whatever in opposition to the motion nor is there anything in the record which suggests that they then voiced objection to determination of the motion on the documents before the court. Those documents showed palpably that there was no genuine issue as to any material fact challenged and, in the absence of any showing by the defendants that they had a ground of defense, the plaintiff was entitled to summary judgment. Cf. Pen-Ken Gas & Oil Corp. v. Warfield Natural Gas Co., 137 F.2d 871 (6th Cir. 1943); cert. denied, 320 U.S. 800, 88 L.Ed. 483 (1944); rehearing denied, 321 U.S. 803, 88 L.Ed. 1089 (1944), where the court, in discussing the federal rule relating to summary judgments, said:
"The rule should not be used by the court for the trial of disputed questions of fact upon affidavits, but when it is invoked by either party to a case and a showing is made by the movant, the burden rests on the opposite party to show that he has a plausible ground for the maintenance of the cause of action alleged in his complaint, or if a defendant, that he has a ground of defense fairly arguable and of a substantial character."
Judgment affirmed.