11 N.J. Super. 567 (1951)
78 A.2d 591
ELLIOTT-LEWIS CORPORATION, A PENNSYLVANIA CORPORATION, PLAINTIFF,
v.
E. SHELDON GRAEFF, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided February 1, 1951.
*568 Mr. Frederick P. Greiner, for the plaintiff (Messrs. Boyle, Archer & Greiner, attorneys).
Mr. J. Norman Brierley, attorney for the defendant.
DONGES, J.S.C.
This matter is before this court on plaintiff's motion for summary judgment pursuant to Rule 3:56-2 of the Rules of Civil Procedure, and also on a motion by plaintiff to dismiss defendant's counterclaim. The motions are supported by an affidavit of an officer of the plaintiff corporation. Defendant has filed his affidavit also.
The suit is based upon a judgment obtained against the defendant by the plaintiff in the Common Pleas Court of Philadelphia County, Pennsylvania, for $5,616. Plaintiff's complaint has annexed thereto, as "Schedule A," an exemplified copy of said judgment. Defendant, by his answer, admits his indebtedness to plaintiff, but avers he has no knowledge of the existence of the judgment. Defendant claims, therefore, *569 that since such a plea under Rule 3:8-2 has the effect of a denial, a dispute of fact is presented.
The rule dealing with summary judgments should not be used by the court for the trial of disputed questions of fact upon affidavits. However, where, as here, the pleadings, affidavits and documents show palpably that there is no genuine issue as to any material fact, and in the absence of any showing by the defendant that he has a ground of defense, the plaintiff is entitled to a summary judgment. Taub v. Taub, 9 N.J. Super. 219, 75 A.2d 822 (App. Div. 1950).
The facts in the present case are clearly beyond dispute. Defendant admits his indebtedness, and, although he, in effect, denies the existence of a judgment against him, the existence of the judgment is shown by the exemplified copy attached to the complaint. The defendant has not shown, nor can he show, any valid defense to the foreign judgment.
Judgment will be entered in favor of plaintiff in the sum of $5,616.
There remains for consideration plaintiff's motion to strike the defendant's counterclaim. Plaintiff claims that defendant cannot assert his counterclaim in this court because he did not present his counterclaim in the suit in Pennsylvania. He cites White v. Mindes, 105 N.J.L. 298, 145 A. 865 (Sup. Ct. 1929); affirmed, 106 N.J.L. 606, 148 A. 781 (E. & A. 1930).
Regardless of what the rule was prior to the present Rules of Civil Procedure, Rule 3:13-1 now permits a party to set up as a counterclaim any claim against an opposing party. Under this rule, a counterclaim would be permitted in an action on a foreign judgment where the defendant was not obliged to set up the counterclaim in the foreign action. See Comment No. 2 of the comments on the tentative draft of the new rules after Rule 3:13-1.
Pennsylvania rules of procedure provide that a defendant may set up in the answer under the heading "counterclaim" any cause of action he may have against the plaintiff which arises from the same transaction or series of transactions *570 from which plaintiff's cause of action arises. See Rule 1031 of the Pennsylvania rules. This is a permissive counterclaim and does not oblige the defendant to set it up at the time of his answer, but he may reserve it and sue upon it at a later time.
The remaining point argued by plaintiff is without merit at this time, but may be the subject of proof at the hearing. Plaintiff claims that defendant's counterclaim is barred by a compromise agreement. However, defendant asserts that this compromise agreement was only as to one part of his claim. The agreement itself is not very clear on this point.
The motion to dismiss the counterclaim is denied. I further order and direct that plaintiff be enjoined from taking any steps to secure satisfaction of its summary judgment until after the counterclaim is tried and the issues therein determined.