Lonnie KIRKPATRICK *v.* FIRST STATE BANK
OF DeQUEEN

78-247                                578 S.W. 2d 28

Opinion delivered March 12, 1979
(Division II)

*Tackett, Moore, Dowd & Harrelson,* for appellant.

*Hardegree & Maddox,* by: *Joe H. Hardegree,* for appellee.

DARRELL HICKMAN, Justice. This is an appeal from a summary judgment entered by the Howard County Circuit Court against the appellant, Lonnie Kirkpatrick, for some $28,000.00, plus interest and attorney fees, on a note Kirkpatrick co-signed in favor of the appellee, the First State Bank of DeQueen.

We agree with the appellant that the court erred in entering summary judgment for which execution could issue.

The bank sued Kirkpatrick and Frank Ramsey for a debt evidenced by a promissory note they co-signed on October 14, 1976, in the amount of $28,000.00. The money was to be used as consideration for transfer of a half interest in Ramsey's insurance agency to Kirkpatrick. Kirkpatrick, in his answer, did not deny that the note was executed nor that he and Ramsey received the money. Instead, each filed counterclaims and cross-complaints setting up defenses or claims against each other; in Kirkpatrick's case, two other defendants were joined as third party defendants.

Kirkpatrick alleged in his counterclain that the bank, without authority, allowed Ramsey to withdraw money from a joint account, which was an asset of the insurance partnership formed with the use of the bank loan made to him and Ramsey; further, that Ramsey, with the knowledge and consent of the president of the bank, and, together with others who were named third party defendants, unlawfully deprived Kirkpatrick of his half interest in the insurance agency. Kirkpatrick asked for damages against the bank in the sum of $75,000.00, one-half the value of the insurance agency, and for the same amount against Ramsey and two other third party defendants.

The bank moved for summary judgment attaching to the motion an affidavit of the president of the bank attesting to the authenticity of the note and stating that the loan was made. Kirkpatrick filed a general denial in response to the motion alleging that facts were disputed; he relied upon the

existing pleadings, interrogatories and a lengthy deposition of Kirkpatrick's in which Kirkpatrick testified substantially in accordance with the pleadings he had filed.[1]

The judge, finding no defense to the note nor any genuine issues of material fact regarding the note, granted summary judgment. The judge did reserve the remaining issues for later adjudication.

We agree that the appellant did not allege any defenses to the debt on the promissory note. See Uniform Commercial Code, Ark. Stat. Ann. §§ 85-3-305 and 306 (Add. 1961). However, we have what appears to be a case of first impression: whether summary judgment should have been granted when there remains a counterclaim to be decided. The remaining issues had been set for trial for August of 1978, some three and a half months after the judge signed the summary judgment. The appellant's attorney asked that execution on the judgment be delayed until the trial, but the appellee would not agree to this.

Our summary judgment law, Ark. Stat. Ann. § 29-211, is copied after Rule 56 of the Federal Rules of Civil Procedure. Part of that law deals with just such a case as we have before us and that section reads:

> (d) Case Not Fully Adjudicated on Motion. If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy,

---

[1]It is obvious from the judge's letter of June 15, 1978, that the judge, on reconsideration of his granting the bank's motion, had before him the deposition which was not filed of record until July 20, 1978.

including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

Ark. Stat. Ann. § 29-211 (d) (Repl. 1962). See also Comment, 15 Ark. L. Rev. 388 (1961).

Other jurisdictions have dealt with this problem in various ways. The majority rule seems to be that where a counterclaim is predicated upon a good and substantial cause justifying a trial, it may preclude summary judgment on a complaint or it may preclude the trial court from ordering execution of a judgment pending the determination of the counterclaim. See Annot., 8 ALR 3d 1961 (1966).

However, where the counterclaim is shown to be a sham, frivolous or without merit, it would not be a bar to summary judgment. *Ford* v. *Luria Steel & Trading Corp.,* 192 F. 2d 880 (8th Cir. 1951). In some jurisdictions where a valid counterclaim is found to exist, the court has granted the motion for summary judgment on the claim but ordered a stay of execution in order to protect a defendant's rights to his counterclaim. *Elliott-Lewis Corp.* v. *Graeff,* 11 N.J. Super. 567, 78 A. 2d 591 (1951). It has been held where the counterclaim is obviously without merit and is being used solely for the purpose of delaying the trial, then summary judgment will be granted. *Seagram-Distillers Corp.* v. *Manos,* 25 F. Supp. 233 (D.C.S.C. 1938).

We think the better practice is not to grant summary judgment on a complaint where there exists a legitimate counterclaim and where the defendant will obviously be prejudiced by the entry of such a judgment. This is especially true since Arkansas recognizes the procedure of compulsory counterclaims. *May* v. *Exxon Corp.,* 256 Ark. 865, 512 S.W. 2d 11 (1974). In some instances such a judgment could actually bankrupt a litigant before a trial could be had upon a valid counterclaim which might ultimately result in a favorable determination of the counterclaim.

In this case we find no evidence that the counterclaim was frivolous or that it was being used as a way of delaying the lawsuit. We feel that the court should have followed that part of the statute which authorizes a finding that there was no material fact in dispute nor defense offered regarding the note. Such a finding would have been proper pursuant to Ark. Stat. Ann. § 29-211(d) and would have permitted the appellee to go to trial knowing that the appellant would offer no valid defense to the debt as evidenced by the note. This seems a better practice than ordering summary judgment and withholding execution.

Therefore, the judgment of the lower court is affirmed as to the findings that no genuine issues of material facts are disputed in connection with the appellee's claim nor any valid defenses made. That part of the judgment which enters judgment for which execution may enter is stricken.

Affirmed as modified.

We agree. HARRIS, C.J., and FOGLEMAN and HOLT, JJ.