F. Eugene RICHARDSON *v.*
John M. GRINER and Beverly S. GRINER

84-32                                         668 S.W.2d 523

Supreme Court of Arkansas
Opinion delivered April 30, 1984
[Rehearing denied June 4, 1984.]

*Raymond Harrill,* for appellant.

*Mitchell, Williams, Selig, Jackson & Tucker,* for appellee.

JOHN I. PURTLE, Justice. The trial court dismissed appellant's suit against appellees for collection of a $5,000 promissory note. The court held that the appellant was not a holder in due course and took the note by assignment subject to the defense of set-off by the makers against an intervening assignee. Appellant argues: 1) the trial court erred in finding appellant was not a holder in due course; 2) the court erred in finding that appellant took the note without the rights of a

holder in due course, and; 3) it was error to refuse to bar the appellees' set-off claim. We disagree with all three arguments.

The appellee executed a $5,000 promissory note to First Realty Corporation on September 25, 1980. Monthly payments on the note were to commence on January 15, 1981. A schedule was printed on the back of the note. The note was assigned by First Realty to Imran Bohra in exchange for property. On July 27, 1981, Bohra transferred the note to his attorney, F. Eugene Richardson, in payment for legal services rendered by Richardson. Prior to this assignment, appellees filed suit against Bohra for an accounting and default on the purchase of certain properties. The chancery court entered a decree against Bohra in favor of the appellees on April 26, 1982. On July 27, 1981, when appellant took the promissory note in assignment for legal services there was no entry of any payment on the back of the note.

The primary issue before us is whether appellant took the note without notice that it was overdue or was otherwise subject to defense on the part of any holder prior to appellant. Arkansas Stat. Ann. § 85-3-302 (Add. 1961), defines a holder in due course to be one who in good faith takes an instrument for value and without notice that it is overdue or has been dishonored or is subject to any defense against or claim to it on the part of any person. The facts in this case clearly reveal that at the time appellant acquired the note no payments had been entered in the schedule on the back of the note. Six payments should have been made at the time of the transfer to appellant. Appellant found out during the meeting with Bohra, at the time of the assignment, that the note was past due. Appellant argues that the note was not declared to be in default until after he contacted the maker. It is not necessary to have the holder of the note declare that it is in default when this fact is obvious in other ways. Unless a person is a holder in due course the note is subject to all valid claims to it on the part of any person, and all defenses, counterclaims and set-offs. Arkansas Stat. Ann. § 85-3-306 (Add. 1961). *Kirkpatrick* v. *First State Bank of DeQueen*, 265 Ark. 285, 578 S.W.2d 28 (1979).

According to Ark. Stat. Ann. § 85-3-201 (1) (Add. 1961), transfer of an instrument vests in the transferee such rights as a transferor possesses. In the present case Bohra knew that the Girners had claims against him far in excess of the amount of the note here in question. From the record there is an indication that Bohra had been told by the Girners, prior to assignment of the note to Richardson, that he should consider the note paid. He was given credit in the amount of the note by the Girners on their claim against him.

In view of the fact that appellant had notice that payments on the note were overdue at the time he took the note, he was not a holder in due course. Therefore, the note was subject to the defense by the Girners against Bohra. The trial court allowed credit to be given to Bohra in the suit to obtain an accounting. It was proper for the court to allow the set-off, cancel and satisfy the note, and dismiss appellant's claim.

Affirmed.

Hays, J., not participating.