GLEN PARK TERRACE #1 HOMEOWNERS ASSOCIATION, APPELLEE,
v. M. TIMM, INC., APPELLANT AND CROSS-APPELLEE, RALPH SMITH
ET AL., INTERVENORS-APPELLEES AND CROSS-APPELLANTS.

430 N.W.2d 40

Filed October 7, 1988.    No. 86-415.

James F. Fenlon, of Harris, Feldman Law Offices, for appellant.

Ross A. Stoffer, of Mueting, DeLay & Stoffer, for intervenors-appellees.

HASTINGS, C.J., CAPORALE, GRANT, and FAHRNBRUCH, JJ., and CHEUVRONT, D.J.

GRANT, J.

The 252-page transcript filed in this court shows that this case began by the filing of a petition by Glen Park Terrace #1 Homeowners Association (hereinafter association) in the county court for Madison County, Nebraska. In that petition, the association pled that it was "an association of homeowners organized for the purpose of administrating a condominium property regime pursuant to Sections 76-801 et. seq." of the Nebraska statutes, and alleged, in seven counts, that defendant owned property in Madison County, within the condominium regime, located at seven addresses, e.g., "1308 C Goleta"; that defendant had not paid its pro rata share of the common expenses on the seven pieces of property, as required by Neb. Rev. Stat. § 76-817 (Reissue 1986); and that defendant was

therefore indebted to the association in the amount of $8,956.90.

Defendant, M. Timm, Inc. (hereinafter Timm), generally denied plaintiff's allegations and, as an affirmative defense, alleged that the master deed and declaration provided that no assessments "shall be allocated to any Unit with respect to any period prior to the date of closing of the initial sale thereof by the Developer"; that Timm was the developer; and that the units in question had not been sold.

After interim pleadings, on June 25, 1984, Timm filed an amended answer and a "counterclaim" seeking judgment against the association for $36,346 plus general damages, based on the allegation that Timm had directly paid "certain costs and expenses of administration, maintenance, repair and replacement of the common elements" of the condominium regime. The county court found that "the Counterclaim of the Defendant exceeds the jurisdiction of the County Court, and that this matter should be and hereby is certified to the docket of the District Court for further proceedings."

After the case was in the district court, various discovery motions, motions for sanctions for Timm's failure to respond, and a motion for summary judgment were filed by the association. On June 10, 1985, Timm filed a motion, together with a copy of the minutes of a regular annual meeting of the plaintiff association. The motion sought "an Order finding that Attorney Ross Stoffer has no authority to continue representing the Plaintiff in this matter other than for the purpose of dismissing this action." The attached minutes showed that on March 26, 1985, the association held a regular annual meeting and that, at that meeting, Milan E. Timm (president of defendant) and four other persons had been "properly elected to the Board of Administrators of such Association." The June 10 motion further alleges that on April 3, 1985, the board of administrators had adopted a resolution "to terminate this action."

On June 24, 1985, the plaintiff association and "the Plaintiffs, Ralph Smith, Carmella Huey and Mike Smalley," through the same lawyer who had been representing the association, moved to file an amended petition. This motion

was denied by the court, as was defendant's motion for an order finding that association's counsel had no further authority. On July 25, 1985, Smith, Huey, and Smalley moved for an order to allow them to be substituted as plaintiffs in the place of the association. On August 20, 1985, this motion was denied. On August 29, Ross Stoffer filed his motion to withdraw as attorney for the association and was allowed to withdraw by the court on September 30, 1985.

On September 6, 1985, Smith, Huey, and Smalley filed a "Petition in Intervention." This petition began: "Come now the Plaintiffs and for Their First Cause of Action against the Defendant allege as follows: . . . ." The petition stated plaintiffs were owners of property within the condominium regime and went on to plead the first seven counts as set out in the petition filed by the association.

On September 19, 1985, the trial court entered its order stating that the court "being advised that a Petition in Intervention was filed herein on September 6, 1985, hereby orders that all parties adverse to the Petition in Intervention file an Answer thereto on or before October 18, 1985." On October 30, Timm filed its answer to the petition in intervention. No counterclaim was filed with this answer. The petition in intervention and Timm's answer were captioned: "Ralph Smith, Carmella Huey, and Mike Smalley, Plaintiffs, vs. M. Timm, Inc., A Nebraska Corporation, Defendant."

On January 27, 1986, a pretrial conference was held and a pretrial order signed. This order was captioned: "Glen Park Terrace #1 Homeowners Association, Plaintiff, vs. M. Timm, Inc., A Nebraska Corporation, Defendant, vs. Ralph Smith, Carmella Huey, and Mike Smalley, Intervenors." The court noted that counsel appeared for Timm and for the intervenors, but there was no appearance for the plaintiff association. The order required that the association show cause within 20 days why its petition should not be dismissed for want of prosecution and contained, in part, the following orders: "Request to file a Counter-claim Denied. There will be no further amendment of pleadings. The case will be tried as it is now postured . . . . Said matter is set for trial to the jury commencing at 9:00 a.m. on the April 8, 1986 Trial Term."

On March 7, 1986, the association's petition was dismissed without prejudice, and the court ordered: "All other issues joined on the Petition in Intervention will stand for trial . . . ." On the same day, the intervenors filed a motion for summary judgment.

Intervenors' motion prayed that "Judgment be entered for them on their Petition and that if Judgment is not rendered for all the relief asked that the Court ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted . . . ." Accompanying this motion was the affidavit of Huey, one of the intervenors, who was also the treasurer of the association. This affidavit stated that "the total amount now due from Defendant to Plaintiff . . . is $19,907.03; that Plaintiff admits there is a credit due to the Defendant herein the sum of $2,622.02 for insurance premiums paid . . . leaving a balance due . . . of $17,285.01." On April 16, 1986, the trial court granted intervenors' motion for summary judgment in the following language: "IT IS THEREFORE ORDERED that judgment be entered for the benefit of Glen Park Terrace #1 Homeowners Association and against M. Timm, Inc., on the petition in intervention in the sum of $19,907.03 . . . ." The court further ordered that "the issues raised by the defendant's counterclaim be set for trial to a jury . . . on April 23, 1986." Since the January 27, 1986, pretrial order had denied a request to file a counterclaim, it is apparent that the counterclaim set for trial was Timm's counterclaim filed on June 25, 1984, against the association.

Timm moved to amend its counterclaim after this pretrial order and to continue the trial. The intervenors moved for the allowance of an attorney fee for their attorney. The court denied these motions. Defendant Timm timely appealed to this court from the summary judgment. The intervenors have cross-appealed.

In this court, Timm sets out four errors, which may be consolidated into three, alleging that the trial court erred (1) in granting the intervenors' motion for summary judgment, (2) in entering a judgment not in conformity with the evidence, and (3) in not allowing Timm to amend its counterclaim. On their

cross-appeal, intervenors set out three assignments of error, alleging that the trial court erred (1) "in considering the evidence submited [sic] by the Appellant over the objection of the Intervenors," (2) "in not dismissing the Appellant's counterclaim and in setting such counterclaim for trial," and (3) "in not awarding attorneys fees to the Intervenors." We reverse as to appellant's first assignment of error and remand the cause for further proceedings.

With regard to Timm's first assignment of error, that the trial court erred in granting intervenors' motion for summary judgment, we determine that assignment is correct and that it was error for the trial court to grant intervenors' motion while there was a pending counterclaim concerning the same subject matter. In so holding, we reaffirm our earlier general holdings that a summary judgment shall be granted where there is no genuine issue either as to any material fact or as to the ultimate inferences to be drawn therefrom, and the moving party is entitled to judgment as a matter of law. Neb. Rev. Stat. § 25-1332 (Reissue 1985); *Smith v. Weaver*, 225 Neb. 569, 407 N.W.2d 174 (1987).

That general rule is applicable to the situation presented where a counterclaim is pending at the time summary judgment is sought on the petition. In that situation, we hold that the presence of a justiciable counterclaim, presenting genuine issues of fact, which is in excess of the amount sought in the petition, and arising out of the transaction or occurrence which is the subject matter of a plaintiff's claim, is a bar to the granting of plaintiff's motion for summary judgment. *Kirkpatrick v. 1st State Bank of DeQueen*, 265 Ark. 285, 578 S.W.2d 28 (1979); *Tipton v. Harden*, 128 Ga. App. 517, 197 S.E.2d 746 (1973); *Parmelee v. Chicago Eye Shield Co.*, 157 F.2d 582 (8th Cir. 1946).

In this case, the amount of defendant's counterclaim exceeded plaintiff's claim. The trial court has determined that Timm's counterclaim presents genuine issues of fact, since the counterclaim was set for trial. Both intervenors' claim and Timm's counterclaim against the association arise out of the rights of various parties under the master deed and declaration for the condominium regime. The trial court erred in granting

intervenors' motion for summary judgment.

This ruling by this court does not mean that the trial court may not, under Neb. Rev. Stat. § 25-1333 (Reissue 1985), "ascertain what material facts exist without substantial controversy" and grant such further relief as set out in § 25-1333. We are herein recognizing the caution set out by Judge Boslaugh, concurring in *Burroughs Corp. v. James E. Simon Constr. Co.*, 192 Neb. 272, 276-77, 220 N.W.2d 225, 228 (1974), when he stated, "Some difficulty might be avoided in partial summary judgments if phraseology were used which clearly expressed the interlocutory nature of the decision and avoided the implication that a judgment subject to execution had been entered."

The cause is remanded for further proceedings, but we do note that the summary judgment, as entered, does exceed the amount claimed by intervenors in that the judgment does not give Timm credit for $2,622.02 admittedly advanced by Timm.

The other matters raised by both Timm and the intervenors are either not final orders or may not arise on a trial after remand.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.