**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1590-19

BEZALEL GROSSBERGER,

    Plaintiff-Appellant,

v.

FEIN, SUCH, KAHN &
SHEPARD, P.C.,

    Defendant-Respondent.

_____

Argued March 15, 2021 – Decided April 7, 2021

Before Judges Mayer and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. DC-5755-19.

Bezalel Grossberger, appellant pro se.

Gregg P. Tabakin argued the cause for respondent (Fein, Such, Kahn & Shepard, PC, attorneys; Gregg P. Tabakin, on the brief).

PER CURIAM

Plaintiff Bezalel Grossberger appeals from an order granting summary judgment in favor of defendant Fein, Such, Kahn & Shepard, P.C., and dismissing his complaint based on the New Jersey Fair Debt Collection Practices Act (FDCPA), N.J.S.A. 45:18-1 to -6.1., and the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692a – 1692p.[1] Because plaintiff failed to raise any legal or factual issues regarding the applicability of the FDCPA to defendant's efforts to levy on a valid judgment,[2] we affirm.

The facts are undisputed. On February 9, 2007, CSGA LLC obtained a judgment against plaintiff in the amount of $10,971.05. Thereafter, CSGS LLC, as a judgment creditor, assigned the judgment to Caddis Funding, LLC. Defendant filed a substitution of attorney on January 19, 2016, after assignment of the judgment.

On February 5, 2016, defendant obtained a writ of execution in an effort to collect on the judgment. In March 2019, the Ocean County Sheriff attempted,

---

[1] Plaintiff failed to state whether his claims were based on the state or federal Fair Debt Collection Practices Act. Plaintiff's complaint contained a single sentence in support of his claims against defendant, which read as follows: "Pursuant to the FDCPA [t]he attached [l]evy is known to the debt collector as false and issued purely to intimidate in strict violation of the FDCPA anti-harassing law."

[2] There is no information in the record indicating whether plaintiff appealed the entry of the judgment.

A-1590-19

unsuccessfully, to levy on plaintiff's personal property and bank accounts to satisfy the judgment.

On July 22, 2019, plaintiff filed a Special Civil Part complaint in Morris County, claiming defendant's issuance of a levy violated the FDCPA. Defendant answered, and the matter was scheduled for trial on November 4, 2019.

On September 30, 2019, defendant moved for summary judgment. Rather than respond to the summary judgment motion, plaintiff filed several motions. On October 3, 2019, plaintiff filed a motion to "extend time to respond to [s]ummary [j]udgment motion." Two weeks later, plaintiff filed a motion to transfer the case to Ocean County or federal court.[3]

In denying plaintiff's motion for an extension of time to oppose summary judgment, in an October 17, 2019 order, the judge explained there was "no provision in the court rules for the application sought." In addition, the judge noted there was "no justification for delaying the process any further."

In a December 10, 2019 order, the judge denied plaintiff's motion to transfer venue as moot based on his granting defendant's unopposed summary judgment motion on October 17, 2019.

---

[3] Plaintiff also filed a motion requesting the appointment of pro bono counsel. On appeal, plaintiff does not challenge the trial court's denial of this motion.

 A-1590-19

Plaintiff appealed the October 17, 2019 summary judgment order.  In a February 24, 2020 order, we remanded the matter to the trial court "solely for the trial court judge to provide a statement of reasons explaining why the undisputed facts supported granting defendant's motion for summary judgment and dismissing plaintiff's complaint pursuant to Rules 1:7-4 and 4:46-2(c)."  Our order did not require the trial judge to hear oral argument and we retained jurisdiction.

On February 26, 2020, the judge issued an "order after remand," granting defendant's motion for summary judgment with an accompanying statement of reasons.  In his written decision, the judge explained defendant's motion for summary judgment remained unopposed from the filing date, September 30, 2019, through the return date, October 17, 2019.  The judge noted plaintiff filed a motion on October 3, 2019, seeking "more time to oppose the motion" instead of filing opposition to defendant's motion.  The judge inferred  plaintiff chose to file a motion for an extension of time rather than submit opposition to defendant's motion.

On the merits, the judge explained plaintiff failed to demonstrate a factual dispute precluding summary judgment.  The judge found plaintiff's "alleged FDCPA violations . . . were meritless and unsupported."  The judge also noted

plaintiff's complaint alleged the levy was "known to the debt collector as false and issued purely to intimidate in strict violation of the FDCPA anti-harassing law" but plaintiff failed "to explain why the levy was in violation of the FDCPA or argue that there [wa]s no judgment or that the judgment has been satisfied." The judge concluded:

> The defendant has satisfactorily shown that there is a valid and open judgment from 2007 against the plaintiff and that the levy was filed in an effort to collect on this judgment. The plaintiff has not shown even on a prima facie basis as to how such a levy, which is a normal and widely used method to collect outstanding judgments, amounts to harassment or violations of the FDCPA.

On appeal, plaintiff contends the motion judge erred in granting summary judgment without conducting oral argument. He also claims defendant violated the FDCPA by acting fraudulently and failing to raise any applicable defenses. Further, plaintiff argues the matter should have been transferred to another county or to federal court. We disagree.

We first consider plaintiff's argument regarding the failure to conduct oral argument on an unopposed motion. Plaintiff contends summary judgment was granted erroneously because he opposed the motion by requesting oral argument and an extension of time to respond. Plaintiff argues, "Obviously, a motion to dismiss is 'contested' by virtue of the complaint itself and mandates oral hearing

A-1590-19

and statement of undisputed facts" and claims he reserved the right to raise his objections to defendant's motion during oral argument. According to plaintiff, if the judge "granted oral argument . . . or [an] extension of time, prior to accepting the moving party's misstatements of fact and misrepresentations of law; he would [have] be[en] more familiar with the circumstances and underlying complaint" and summary judgment would have been denied.

We review a summary judgment order de novo, applying the same standard governing the trial judge's determination. RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018). "By that standard, summary judgment should be granted 'when the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to judgment or order as a matter of law." Woytas v. Greenwood Tree Experts, Inc., 237 N.J. 501, 511 (2019) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 528-29 (1995)).

A court should consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Davis v. Brickman Landscaping, Ltd., 219 N.J.

A-1590-19

395, 406 (2014) (quoting Brill, 142 N.J. at 540). If "the evidence 'is so one-sided that one party must prevail as a matter of law,'" summary judgment is appropriate. Ibid. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 259 (1986)).

Summary judgment should be denied "only where the party opposing the motion has come forward with evidence that creates a 'genuine issue as to any material fact challenged.'" Brill, 142 N.J. at 529. When a non-moving party "offers no affidavits or matter in opposition . . . he [or she] will not be heard to complain if the court grants summary judgment taking as true the statements of uncontradicted facts in the papers relied upon by the moving party . . . ." Judson v. Peoples Bank & Tr. Co. of Westfield, 17 N.J. 67, 75 (1954) (citing Taub v. Taub, 9 N.J. Super. 219 (App. Div. 1950)) (citations omitted).

Here, the judge properly granted summary judgment without conducting oral argument because the motion was unopposed. See R. 6:3-3(b)(1) ("[U]pon receipt of an objection and a request for oral argument . . . the clerk shall set the motion down for hearing and shall notify the parties or their attorneys by mail of the time and place thereof."). In the absence of filed opposition, the judge correctly concluded defendant's facts were admitted for the purpose of summary judgment and no oral argument was necessary.

A-1590-19

Plaintiff argues his requests for oral argument and additional time to respond to defendant's motion evidenced his opposition to the motion. However, the court rule governing summary judgment required plaintiff to file a response. R. 4:46-2(b); see also Polzo v. County of Essex, 196 N.J. 569, 586 (2008) (imposing an affirmative duty on the party opposing the motion to respond).

Plaintiff knew he was required to submit written opposition to defendant's motion based on his filing of the motion for additional time to respond to the pending summary judgment motion. In addition, defendant's notice of motion included the requisite language, notifying plaintiff of his obligation to submit written opposition. See R. 6:3-3(c)(3) (requiring every notice of motion contain the following language: "NOTICE. IF YOU WANT TO RESPOND TO THIS MOTION YOU MUST DO SO IN WRITING. . . . Your response, if any, must be in writing even if you request oral argument."). Self-represented litigants are held to the same standard for compliance with our court rules as attorneys. Rubin v. Rubin, 188 N.J. Super. 155, 159 (App. Div. 1982). Despite his awareness of the need to file written opposition, plaintiff failed to do so and his request to orally argue against summary judgment was insufficient to defeat defendant's motion.

A-1590-19

Nor did the judge abuse his discretion in denying plaintiff's request for additional time to respond to defendant's motion. A trial judge, in his or her discretion, determines whether a request for an adjournment should be granted or denied. Abtrax Pharm., Inc. v. Elkins-Sinn, Inc., 139 N.J. 499, 513 (1995). We "should not interfere unless it appears an injustice has been done." Allegro v. Afton Village Corp., 9 N.J. 156, 161 (1952) (citing Wait v. Krewson, 59 N.J.L. 71 (Sup. Ct. 1896)).

Plaintiff's motion for an extension of time was filed three days after defendant filed its motion for summary judgment. The judge denied plaintiff's motion, indicating "[t]here [wa]s no justification for delaying the process any further."[4] Nor did plaintiff explain why he needed additional time to oppose defendant's motion or why he had time to file a motion for an extension rather than file opposition to summary judgment. Under the circumstances, the judge did not abuse his discretion in denying plaintiff's motion for an extension.

Even on appeal, plaintiff failed to set forth any genuine issue of material fact to preclude the entry of summary judgment. In his merits brief, plaintiff asserts, "As a matter of undisputable law, all the arguments opposing hearings

---

[4] Defendant moved for summary judgment approximately one month before the November 4, 2019 trial date.

A-1590-19

submitted by respondent are meritless" and "[t]he basis for 'summary dismissal' elaborated by the defendant is hopelessly flawed for a number of reasons . . . ." Plaintiff never explained why defendant's factual contentions and legal arguments in support of summary judgment were flawed.  See Triffin v. Am. Int'l. Grp., Inc., 372 N.J. Super. 517, 523-24 (App. Div. 2004) (quoting Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992)) ("[T]he 'opponent must do more than simply show there is some metaphysical doubt as to the material facts.'").  Having reviewed the record, we are satisfied the judge properly granted summary judgment in the absence of written opposition submitted by plaintiff.

We next consider plaintiff's claim defendant violated the FDCPA by issuing "a deceptive, false and pretentious, bank levy to appear as if the plaintiff's account had been levied, when in fact it was not; erroneously." According to plaintiff, the levy was the result of a fraudulent wage garnishment.

However, plaintiff's contentions relate to "another collector" or attorney who sought a wage garnishment to satisfy the judgment.  Plaintiff failed to establish defendant's role, if any, in the garnishment.  While plaintiff may have a claim for violation of the FDCPA by virtue of a wage garnishment filed by

10

another collector or law firm, the record is devoid of any evidence defendant sought to garnish plaintiff's wages.

Nor is there any evidence defendant violated the FDCPA. The judge concluded the issued levy was based on a valid judgment and properly filed, and "plaintiff ha[d] not shown even on a prima facie basis as to how such a levy, which is a normal and widely used method to collect outstanding judgments, amount[ed] to harassment or violations of the FDCPA."

We are cognizant of the general policies "'favoring enforcement of judgments'" and "'lend[ing] the creditor all reasonable assistance for the enforcement of his [or her] claim, especially against a debtor, who, though possessed of the means to pay, seeks to evade his [or her] obligation.'" N.J. Realty Concepts, LLC v. Mavroudis, 435 N.J. Super. 118, 130 (App. Div. 2014). Defendant sought to levy on a valid judgment which is a legal and proper method to collect an outstanding debt. There is no evidence in the record defendant employed unfair or unconscionable means to collect the judgment on behalf of its client.[5]

_____

[5] Rather than proffer supporting evidence, plaintiff relied on unsubstantiated hearsay, claiming "In discussion with the Sheriff's office, it is confirmed, that, this document was issued to intimidate the plaintiff to believe his bank account

11

We also reject plaintiff's argument that defendant's assertion of the bona fide error defense was inapplicable, and the judge improperly considered the defense in granting summary judgment. The bona fide error defense provides, "[a] debt collector may not be held liable in any action brought under [the FDCPA] if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 578 (2010) (quoting 15 U.S.C.A. § 1692k(c)). However, the judge did not rely on the bona fide error defense in granting summary judgment and therefore assertion of this affirmative defense had no bearing on the judge's determination.

We next review plaintiff's contention the judge erred in declining to transfer venue. Rule 4:3-3(a) provides a change in venue may be ordered "(1) if the venue is not laid in accordance with R. 4:3-2[6]; or (2) if there is a substantial doubt that a fair and impartial trial can be had in the county where venue is laid;

---

was levied where in fact the Sheriff's office did not even attempt any levy on any bank account."

[6] Rule 4:3-2 provides venue in actions not affecting real property or against municipal corporations, countries, public agencies, or officials "shall be laid in the county in which the cause of action arose, or in which any party to the action resides at the time of its commencement . . . ."

or (3) for the convenience of parties and witnesses in the interest of justice . . . ."  Rule 4:3-3 accords discretion to a judge in granting or denying a motion to transfer venue.  Didato v. Camden Cty. Park Comm'n, 136 N.J. Super. 324, 327 (App. Div. 1975).

Here, the judge acted within his discretion in denying plaintiff's motion to transfer venue.  First, the case could not be removed to federal court because removal to federal court must be initiated by a defendant.  28 U.S.C. § 1446; Fed. R. Civ. P. 11.  Further, plaintiff could have filed his complaint in federal court based on the federal FDCPA but instead chose to bring his claim in state court.  Venue in Morris County was proper as defendant's place of business is located in Morris County and plaintiff chose to file his action in Morris County.  Therefore, plaintiff is hardpressed to argue venue in Morris County was inappropriate or that the judge abused his discretion by refusing to transfer the case to another county.

To the extent we have not addressed any of plaintiff's arguments, we determine those arguments are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13

A-1590-19