**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1892-23

BOUAZZA OUAZIZ,

    Plaintiff-Appellant,

v.

NOURA EL GHAZOINI,

    Defendant-Respondent.

_____

Submitted May 15, 2025 – Decided May 23, 2025

Before Judges Mawla and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Hudson County, Docket No. FM-09-0618-20.

Bouazza Ouaziz, appellant pro se.

Dunne, Dunne & Cohen, LLC, attorneys for respondent (Leonard B. Cohen, of counsel and on the brief).

PER CURIAM

    Plaintiff Bouazza Ouaziz appeals from pendente lite orders dated: April

27 and 30, August 30, October 27, and December 27, 2021; February 25, 2022;

March 17, May 12, June 30, and November 28, 2023; and January 12, 2024.  He also challenges a February 15, 2024 final judgment of divorce granting the relief sought in defendant Noura El Ghazoini's counterclaim for divorce following a hearing.  We affirm.

We detailed the factual and procedural history in a prior appeal.  There, we upheld a March 17, 2023 order finding plaintiff "a vexatious litigant and directing that any future motions he seeks to file must be reviewed by the Assignment Judge prior to filing," pursuant to Rosenblum v. Borough of Closter, 333 N.J. Super. 385 (App. Div. 2000).  Ouaziz v. El Ghazoini, No. A-2111-22 (App. Div. Dec. 14, 2023) (slip op. at 1-5).

The parties were married for six months when plaintiff filed his initial complaint for divorce on September 18, 2019.  The contested issues in their case were the cause of action for divorce, plaintiff's dispute of paternity of a child conceived during the marriage, and child support.  Plaintiff challenged paternity and alleged the marriage was a fraud for various reasons, including as a means of avoiding child support.  This spawned litigation that has far exceeded the duration of the marriage, including this matter, as well as proceedings in New York and in federal court.

A-1892-23

As regards to this case, each time plaintiff received an adverse ruling on a motion he filed or relief granted to defendant, it would engender subsequent motions from plaintiff, which offered no new evidence or persuasive legal arguments as to why the trial court had erred or should revisit its decision. Id. at 13-14. Instead, defendant expressed his dissatisfaction with the trial court's rulings by filing more motions for the same relief "supported . . . with only self-serving and demeaning accusations against defendant." Id. at 13.

As a result, the March 17, 2023 order not only imposed Rosenblum restrictions on plaintiff's ability to file repetitive motions, as relevant here, the order stated the failure to comply with these restrictions "may subject . . . plaintiff to a . . . sanction, including . . . the suppression of his pleadings." Plaintiff failed to comply with the March 17 order.

On June 30, 2023, the trial court dismissed plaintiff's complaint without prejudice for failure to comply with the March 17 order because he filed a motion without submitting it to the Assignment Judge. The trial court found "[g]iven the lengthy history of [p]laintiff's non-compliance with . . . [c]ourt orders and numerous filings, which served as the basis for the . . . March 17 . . . [o]rder, [p]laintiff's flagrant disregard of said [o]rder warrants the dismissal of

3                                                                    A-1892-23

[p]laintiff's [c]omplaint. . . . This matter will continue on defendant's counterclaim."

The June 30 order explained plaintiff could move to "reinstate [his] complaint for good cause shown. Such good cause shall consist of [p]lantiff's representation that he shall fully comply with the March 17 . . . [o]rder and all other [o]rders of the [c]ourt in [the] future." The order also stated: "If [p]laintiff fails to move to reinstate the [c]omplaint within forty-five . . . days of the . . . entry of this [o]rder, this matter will proceed by way of default on [d]efendant's counterclaim."

Plaintiff moved to reinstate the complaint. The court considered his motion and made written findings on January 12, 2024.

Although the motion was timely filed, the trial court observed as follows:

> The content of plaintiff's two [c]ertifications consists of a lengthy diatribe against virtually anyone [who] has had any involvement in this litigation, whether it be parties, attorneys, [j]udges, testing facilities and various other individuals and entities, all of whom plaintiff asserts are part of a conspiracy to deprive him of unspecified rights. Plaintiff's obvious frustration is based on the outcome of two paternity tests. However, nothing in plaintiff's . . . [c]ertifications has anything to do with the reinstatement application.

A-1892-23

Moreover, plaintiff had not certified to any information showing good cause, namely, that he had complied with either the March 17 or June 30 orders. The court noted he had done the opposite "because he failed to seek the permission of the Assignment Judge prior to filing his motion to reinstate."

The court dismissed plaintiff's complaint with prejudice and ordered the matter to proceed on defendant's counterclaim. Although the court dismissed plaintiff's affirmative claims with prejudice, it held he "may nonetheless continue to defend against the counterclaim." The court directed the Family Division to schedule a trial date.

The trial occurred on February 15, 2024. The trial court reminded plaintiff he could not assert any claims because his complaint had been dismissed with prejudice. The court questioned both parties under oath. Plaintiff waived physical and legal custody of the child after the court explained both concepts to him. Defendant testified regarding her cause of action for divorce on irreconcilable differences. She waived alimony and equitable distribution. Based on the testimony, the trial court granted the divorce, awarded defendant legal and physical custody, and continued the pendente lite child support award.

## I.

Plaintiff raises the following points on appeal:

5

## POINT I

[D]EFENDANT . . . NEVER HAD [AN] INTENT TO MARRY PLAINTIFF, DEFENDANT . . . PREMEDITATED[LY] PLANNED TO [DE]FRAUD AND EXTORT[ PLAINTIFF,] AND SHE [GOT] PREGNANT WHILE SHE WAS KNOCKING OUT PLAINTIFF.

## POINT II

[T]HE COURT IN HUDSON COUNTY[,] . . . DEFENDANT AND HER ATTORNEY[,] . . . PLAINTIFF['S] PREVIOUS ATTORNEYS[,] . . . LABCORP[, AND THE NEW YORK CITY POLICE DEPARTMENT] . . . PREMEDITATED[LY] PLANNED [AND WERE] INVOLVED IN [A] PRIOR AGREEMENT TO FAKE [PLAINTIFF'S] DNA TEST[S TO] CONCEAL [HIS] CAUSE OF ACTION.

## POINT III

[T]HE [TRIAL] COURT . . . ERRED IN GRANTING DEFENDANT['S] COUNTERCLAIM BASED ON NO PROOF OF SERVICE, AND DEFENDANT AND HER ATTORNEY FAILED TO SERVE PLAINTIFF WITH [THE] COUNTERCLAIM [BECAUSE IT WAS DELIVERED TO THE WRONG ADDRESS].

## POINT IV

[T]HE ROSENBLUM ORDER AGAINST PLAINTIFF WAS PREMEDITATED . . . TO VIOLATE PLAINTIFF['S] DUE PROCESS [RIGHTS] . . . AND RIGHT TO ACCESS THE COURT, AND PLAINTIFF [WAS NOT] INVOLVE[D] IN ANY FRAUD AND WASTE OF JUDICIAL FUND[S,] NOR ANY HARASSMENT . . . .

A-1892-23

POINT V

[A] FULLY INFORMED PERSON WILL HAVE DOUBT ABOUT [THE TRIAL JUDGES'[1]] IMPARTIALITY AND [THEY] SHOULD HAVE BEEN DISQUALIFIED [IN] THE INTEREST OF JUSTICE AND THEIR ORDER[S] ARE VOID AND MUST BE REVERSED AND VACATED.

POINT VI

DEFENDANT AND HER CONSPIRATOR[S] FAKED APPLICATION TO IMMIGRATION AND ARE KNOCKING OUT PLAINTIFF AND HIS GIRLFRIEND IN BROOKLYN TO [DE]FRAUD [THEM] . . . [AND] ARE TELLING PEOPLE [THEY] KNOW EACH OTHER.

II.

Our review of Family Part orders is limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). We "accord particular deference to the Family Part because of its 'special jurisdiction and expertise' in family matters." Harte v. Hand, 433 N.J. Super. 457, 461 (App. Div. 2013) (quoting Cesare, 154 N.J. at 413). Generally, "findings by the trial court are binding on appeal when supported by adequate, substantial, [and] credible evidence." Cesare, 154 N.J. at 411-12

---

[1] The first judge assigned to the matter entered the April 27, October 27 and December 27, 2021 orders; and two orders on February 25, 2022. The remainder of the orders were entered by the trial judge, except for the May 12, 2023 order, entered by the Assignment Judge, which denied recusal of the trial judge.

(citing Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974)).

Therefore, we typically defer to the Family Part's factual findings and legal conclusions unless convinced they are "manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Ricci v. Ricci, 448 N.J. Super. 546, 564 (App. Div. 2017) (quoting Elrom v. Elrom, 439 N.J. Super. 424, 433 (App. Div. 2015)). However, the trial court's legal conclusions and its interpretation of the law are reviewed de novo. Amzler v. Amzler, 463 N.J. Super. 187, 197 (App. Div. 2020).

## III.

At the outset, we decline to consider the arguments raised by plaintiff in point IV related to the March 17, 2023 Rosenblum order because the validity of that order was adjudicated with finality in the prior appeal. Res judicata bars the re-litigation of matters that have previously been litigated. Nolan v. First Colony Life Ins. Co., 345 N.J. Super. 142, 153 (App. Div. 2001). The doctrine applies where there is "a valid, final judgment on the merits in the prior action; the parties in the second action [are] identical to . . . those in the first . . . ; and the claim in the later action . . . arise[s] out of the same transaction or occurrence

as the claim in the first action." Ibid. (citing Watkins v. Resorts Int'l Hotel & Casino, Inc., 124 N.J. 398, 412 (1991)). There is no dispute the factors necessary for res judicata were met here when we upheld the Rosenblum order.

IV.

In point III, plaintiff claims the final judgment is invalid because defendant served the counterclaim on him at the wrong home address. Rule 1:5-1 provides "[i]n all civil actions, unless otherwise provided by rule or court order, . . . pleadings subsequent to the original complaint, written motions . . . and other papers . . . shall be served upon all attorneys of record in the action." Plaintiff's argument lacks merit because the appellate record shows when defendant filed her counterclaim on February 4, 2021, it was served on plaintiff's counsel as required by Rule 1:5-1.

V.

In points I, II, and VI, plaintiff asserts vague, incoherent arguments of: fraud against defendant; a conspiracy to fabricate the paternity test results; and a conspiracy to defraud plaintiff. We are unpersuaded.

"Litigants are free to represent themselves . . . but in exercising that choice they must understand . . . they are required to follow accepted rules of procedure promulgated by the Supreme Court . . . ." Tuckey v. Harleysville Inc. Co., 236

N.J. Super. 221, 224 (App. Div. 1989). As regards appellate proceedings, parties have a "responsibility to refer [the court] to specific parts of the record . . . [and] may not discharge that duty by inviting [the court] to search through the record [itself]." Spinks v. Twp. of Clinton, 402 N.J. Super. 465, 474-75 (App. Div. 2008) (finding it improper to request the court to "scour sixty-one pages of plaintiffs' appendix, as well as computer disks[,] without informing [the court] of what particular pages supposedly support their argument") (citing State v. Hild, 148 N.J. Super. 294, 296 (App. Div. 1977)).

Rather than cite the record and apply the facts supporting his claims to the law, plaintiff generally points us to the more than 300 pages of his appellate appendix and eight transcripts of court proceedings as support for his arguments. Notwithstanding the failure to articulate arguments based on the record, we have searched the record and conclude there are no facts that support an argument, let alone a finding of fraud or conspiracy by defendant or anyone outside of plaintiff's camp as relates to the marriage, paternity, or any other relevant issue in this case. The arguments raised in points I, II, and VI lack sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

A-1892-23

## VI.

In point V, plaintiff collaterally attacks the orders under appeal, by arguing the judges who entered them should have recused themselves. Rule 1:12-2 permits a party to seek a judge's disqualification by filing a motion "stating the reasons therefor."

A judge "shall be disqualified on the court's own motion and shall not sit in any matter" when, among other things, "there is any other reason which might preclude a fair and unbiased hearing and judgment, or which might reasonably lead counsel or the parties to believe so." R. 1:12-1(f). "It is unnecessary to prove actual prejudice on the part of the court, but rather 'the mere appearance of bias may require disqualification'" if the belief of unfairness is "objectively reasonable." Panitch v. Panitch, 339 N.J. Super. 63, 67 (App. Div. 2001).

A judge is not required to "withdraw from a case upon a mere suggestion that [they are] disqualified 'unless the alleged cause of recusal is known by [them] to exist or is shown to be true in fact.'" Id. at 66-67 (App. Div. 2001) (quoting Hundred E. Credit Corp. v. Eric Schuster Corp., 212 N.J. Super. 350, 358 (App. Div. 1986)). The decision to recuse is "entrusted to the 'sound discretion' of the trial judge whose recusal is sought." Id. at 66 (quoting Magill v. Casel, 238 N.J. Super. 57, 63 (App. Div. 1990)).

11

Aside from dissatisfaction with the trial judges' rulings, plaintiff has shown us no evidence to warrant their recusal. The record bears no evidence of impartiality or bias. Other than generally pointing us to large swathes of the record, plaintiff has not shown the denial of his recusal motions were an abuse of discretion.

## VII.

Finally, to the extent we have not specifically discussed the April 27 and 30, August 30, October 27, and December 27, 2021; February 25, 2022; March 17, May 12, June 30, and November 28, 2023; and January 12, 2024 orders in whole or in part, it is because other than listing them in his notice of appeal, plaintiff's brief has not addressed them. An issue not briefed is deemed waived. Gormley v. Wood-El, 218 N.J. 72, 95 n.8 (2014). And, to the extent we have not addressed an argument plaintiff raised on appeal, it is because it lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

12