14286

PRUDENTIAL INSURANCE CO. OF AMERICA v. FRANKLIN
FIRE INSURANCE CO. OF PHILADELPHIA

(185 S. E., 537)

June, 1935.

252

254

*Messrs. Bridges & Oulla,* for appellant,

*Messrs. J. P. McNeill, Jr.,* and *W. Stokes Houck,* for respondent,

May 4, 1936.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action by the Prudential Insurance Company of America, as plaintiff, against the defendant, the Franklin Fire Insurance Company of Philadelphia, was commenced in the County Court of Florence, by service of the complaint, July 16, 1934. In its complaint in the cause the plaintiff alleged that the defendant issued its policy of fire insurance, dated March 3, 1932, to Ada R. Turner, administratrix, in the sum of $3,200.00, covering certain buildings situate upon premises over which the plaintiff held a mortgage; and further alleged that on April 12, 1934, while the said policy of insurance was in full force and effect, one of the buildings, No. 2, described as a dwelling house, upon which there was $450.00 insurance, was totally destroyed by fire; that a New York standard mortgagee's clause had been attached to the policy in question at the time of its issuance in favor of the plaintiff and that the said amount, $450.00, was due the plaintiff by the defendant; that said amount having not been paid, judgment was demanded against the defendant for the said sum, together with interest thereon from June 12, 1934. In its answer, as a first defense, the defendant set up a general denial, and in further answering admitted the issuance of the said policy, but alleged "that at the time of the destruction of the building the policy was no longer operative, was lapsed and null and void by reason of the failure to pay the premium due"; and also alleged that the said premium became due March 1, 1934, and was not paid by the assured after repeated demands, nor was it paid by the plaintiff, although notified by the defendant on March 22, 1934, at which time the plaintiff was also ad-

vised of the lapsing, and payment of the premium was demanded.

The record discloses that at the time of the trial of the case the defendant, without objection by the plaintiff, was permitted to amend its answer by making the following additional allegations:

"(1) The failure of Ada R. Turner, administratrix, to pay a premium note dated March 3, 1932, in consideration of which said policy of insurance was issued, (2) so as to allege a provision of said note, application and policy, which provided for the deduction of the amount of unmatured and unpaid installments of said note in the event of a loss under said policy, and (3) so as to allege the respondent's knowledge of said note and acquiescence in its provisions."

The case was tried at the June, 1935, term of said Court, before his Honor, Judge R. W. Sharkey, and a jury. After the introduction of all of the testimony offered by the parties, his Honor, Judge Sharkey, ruled that there was no issue for the jury, and took the case under advisement for decision to be rendered at a later date.

In this connection it may be stated that it appears from the record that the greater part of the testimony introduced in the case was taken by deposition. It further appears from the record that before entering into the actual trial of the case the defendant interposed an oral demurrer, on the ground that the said Ada R. Turner, administratrix, was a necessary party to the action, and contended that there could be no adjudication unless she was made a party. The trial Judge overruled this demurrer.

It appears from the record in the case that the policy in question was duly issued. It further appears that the building alleged to have been destroyed was, in fact, completely destroyed April 15, 1934, and that the mortgage referred to and alleged by the plaintiff to have been owned by the plaintiff was foreclosed in the fall of 1934, subsequent to the institution of this action, and that the title to the prop-

erty in question was now in the plaintiff; that the said policy was issued in consideration of the payment of an annual premium and the execution by the assured of a premium installment note payable as follows:

"In four (4) annual installments of Fifty-five and 60/100 ($55.60) Dollars each, on March 1st of each of the years of 1933, 1934, 1935 and 1936, the first installment of which was duly paid, but the amount due March 1st, 1934, was not paid either by the assured or the Respondent, and it was while this premium was in default that the building was destroyed."

It further appears from the record that the defendant claimed to have mailed a notice to the home office of the plaintiff on March 22, 1934, advising the plaintiff of the non-payment by the assured and demanding that this install-ment be remitted promptly. The defendant further contended that this notice "was one of cancellation." However, the same was construed by the Court to be only a demand for payment. The record discloses that at the time of the de-struction of the building in question the installment referred to had not been paid by the plaintiff nor the assured.

At the conclusion of the introduction of the testimony the defendant, as well as the plaintiff, moved for the direction of a verdict. The motions were taken under advisement by the trial Judge and the case withdrawn from the jury. There-after, June 22, 1935, his Honor, the trial Judge, issued an order giving judgment to the plaintiff for the relief prayed for in his complaint, subject, however, to the deduction of the amount of the unpaid premium. The amount of the judgment involved is $291.28, with interest from June 12, 1934. From this judgment and the several rulings in con-nection with the trial therewith, the defendant, pursuant to due notice, has appealed to this Court, imputing error to the trial Judge as set forth in the following exceptions, to wit:

"1. That his Honor erred, it is respectfully submitted in holding in his order dated June 22, 1935, that 'no notice of

cancellation of the policy or of any intention to cancel was ever given the Plaintiff by the Defendant.'

"2. That his Honor erred, it is respectfully submitted, in holding in his order dated June 22, 1935, 'the only disputed fact in the case related to the question of whether or not notice was given to the Plaintiff by the Defendant demanding payment of the premium which fell due on March 1, 1934.'

"3. That his Honor erred, it is respectfully submitted, in holding in his order dated June 22, 1935, 'the fact that this provision must be construed as a condition can only mean that upon its breach by the mortgagee, the right then becomes vested in the insurer to cancel policy because of the failure of the mortgagee upon demand to pay the premium. But this right can only be exercised by the Insurance Company after a strict compliance with the terms of the agreement between it and mortgagee.'

"4. That his Honor erred, it is respectfully submitted, in holding in his order dated June 22, 1935, 'in this case the Defendant (insurer) failed to give to the Plaintiff (mortgagee) notice of cancellation of the policy, an act which it was clearly in duty bound to perform under the cancellation clause of the agreement.'

"5. That his Honor erred, it is respectfully submitted, in overruling Appellant's motion for a direction of verdict made on the ground that the mortgagee had not fulfilled the conditions of his contract by paying the premium that was past due, after demand."

The appellant, in substance, sums up the questions raised by the appeal, as follows:

"1. Is the communication from Appellant to Respondent a notice of cancellation as well as a demand for payment?

"2. Did the Court err in holding that it was a disputed fact whether or not notice was given to Respondent by Appellant?

"3. Did the Court err in holding that the Respondent could recover after ruling that payment of the premium by the

Respondent after demand was a condition and not a covenant?"

In our opinion, the trial Judge, in the order issued by his Honor, reached the right conclusion on the issues involved. The letter addressed to the plaintiff by the defendant, omitting the non-essentials, reads as follows:

"The installment of note given for premium under Policy No. I. 37249 & S, issued by The Franklin Fire Insurance Company of Philadelphia, to Ada R. Turner, Admx., is now overdue and unpaid.

"The endorsement upon said policy in your favor as mortgagee provides upon demand for payment by you. The amount due is $65.97.

"Trusting that we may have your prompt remittance, beg to remain."

Clearly, this notice was only a demand for payment, and was not a notice of cancellation. The other questions presented in the case are sufficiently answered by the said order of his Honor, the trial Judge, which order will be incorporated in the report of the case.

The exceptions are overruled and the judgment of the lower Court affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.