433 P.2d 60

**AMERICAN MERCURY INSURANCE COMPANY, Appellant,**

v.

**INLAND–WESTERN FINANCE COMPANY, Appellee.**

**No. I CA–CIV 331.**

Court of Appeals of Arizona.

Nov. 6, 1967.

Rehearing Denied Nov. 21, 1967.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by Ralph E. Mahowald, Jr., Phoenix, for appellant.

Lewis, Roca, Beauchamp & Linton, by James Moeller and John L. Hay, Phoenix, for appellee.

STEVENS, Judge.

This case involves an appeal from the granting of a summary judgment in favor of the appellee, Inland-Western Finance Company, and against the appellant, American Mercury Insurance Company.

In October of 1963, Edwin Widmer and his wife, pursuant to a conditional sales contract, purchased a Piper Comanche aircraft from Irvin Aircraft Enterprises. This contract was assigned to appellee on 18 October 1963. At that time there was a balance of $16,299.80 due and owing on the purchase price. Thereafter, on 2 March 1964, appellant issued to Widmer a policy of insurance on the airplane and this policy of insurance contained a "breach of warranty endorsement", more commonly referred to as a "Union Mortgage Clause" or as a "New York Standard Mortgagee Clause". The provisions of the endorsement that are pertinent to the issue before this Court are as follows:

"In consideration of an additional premium of $55.00 (included) (fully earned), it is hereby understood and agreed that

loss, if any, under coverage F or G shall be payable to: Inland Western Finance Company, 638 West Indian School Road, Phoenix, Arizona, mortgagee, as interest may appear.

"Coverage F or G, as to the interest therein of the mortgagee ONLY, shall not be invalidated by any act, omission, or neglect of the insured which will constitute a breach of warranty or policy condition; PROVIDED, that in the event the insured shall fail to pay any premium due, the mortgagee shall, on demand, pay the same. * * *

"In the event of any material change in or cancellation of this policy ten (10) days written notice will be mailed to the above of such change or cancellation."

On 23 March 1964, the premium payment in the amount of $62.35 became due and owing to appellant. The premium payment was not received and a cancellation notice was sent to the insured, Widmer, stating that the policy would be cancelled on 16 April 1964 if the premium was not sent in by that time. A copy of this cancellation notice was forwarded to appellee. Thereafter, the policy was kept in force by payment of the premium within the 10 day period of time. Another premium payment became due and owing on 11 April 1964, and on 27 April 1964, a second cancellation notice was sent to Widmer, a copy also being sent to appellee, stating that the policy would be cancelled on 7 May 1964 if the premium was not paid by that time. The policy was kept in force once again by payment of the premiums within the 10 day period.

Finally, on 11 May 1964, another premium payment became due and owing. A third cancellation notice was sent to Widmer, on 20 May 1964, and a copy thereof was sent to appellee. This cancellation notice provided, in pertinent part, as follows:

"WE WOULD LIKE TO CONTINUE TO PROTECT YOU—however unless payment of the premium indicated hereon is received by the cancellation date in-dicated below, your insurance must be cancelled.

"Accordingly your policy numbered hereon is hereby cancelled effective as of 12:01 A.M. Standard Time on 5-30-64 at your last known address, shown hereon. * * * If your premium is paid within 30 days after the effective date of cancellation, your protection will begin at 12:01 A.M. Standard Time on the date your remittance is received in this office.

"IF WE HAVE ALREADY RECEIVED THIS PAYMENT, OR IF WE RECEIVE IT BEFORE THE EFFECTIVE DATE OF THIS CANCELLATION, *YOUR POLICY WILL BE CONTINUED IN FORCE WITHOUT ANY INTERRUPTION OF YOUR PROTECTION.*

"IF THIS CANCELLATION TAKES EFFECT, YOU CAN AGAIN HAVE INSURANCE BY: 1. Paying this premium within 30 days after the date of cancellation, or 2. Reapplying at anytime after the above mentioned 30 day period by contacting this company at 2251 Wisconsin Ave., N. W. Washington 7, D. C."

The premium was not paid within the 10 day period of time, and the insurer, appellant, considered the policy cancelled.

Thereafter, on 17 October 1964, the aircraft described in the insurance policy was totally destroyed. Upon refusal of the insurer to pay any part of the loss pursuant to the contract of insurance, the appellee instituted this suit. The appellee made a motion for summary judgment which motion was granted by the trial court. The trial court then entered a formal, written judgment, in favor of the appellee, in the sum of $11,679.52, being the amount due and owing under the terms of the conditional sale contract.

The issue presented to this Court is whether the copy of the notice to the insured of possible future cancellation of the insurance policy is a sufficient demand for payment upon the mortgagee named in the

breach of warranty endorsement so that the insurance company, since no premium was received, could effectively cancel, without any further action, the breach of warranty endorsement as well as the underlying policy of insurance?

The appellant contends that the copy of the notice of possible future cancellation sent to the appellee was a sufficient demand for payment and notice of cancellation under the terms of the breach of warranty endorsement. With this contention we do not agree.

■ This is not a case wherein there was no duty to inform because of a lack of contractual relationship. See Engler v. Sainer, 4 Ariz.App. 86, 417 P.2d 720 (1966). The breach of warranty endorsement, in the form of a Union Mortgage Clause, constituted a separate contract between appellant and appellee. Germania Fire Ins. Co. of New York v. Bally, 19 Ariz. 580, 173 P. 1052, 1 A.L.R. 488 (1918); Fidelity-Phenix Fire Ins. Co. v. Garrison, 39 Ariz. 277, 6 P.2d 47 (1931).

■ An insurer's right to cancel a policy containing a standard mortgagee clause on the mortgagee's failure, on demand, to pay premiums can be exercised only after strict compliance by the insurer with the terms of the agreement between the insurer and the mortgagee. Prudential Ins. Co. of America v. Franklin Fire Ins. Co. of Philadelphia, 180 S.C. 250, 185 S.E. 537 (1936).

■ In the present case, a separate premium was paid to the insurance company for the breach of warranty endorsement. A separate contract of insurance was created between the appellant and the appellee and the terms of the contract had to be strictly complied with. The notice of cancellation mailed out by appellant did not meet the requirement of strict compliance. The notice did not demand payment of the premium by the appellee. It was directed to Mr. Widmer with a notation that a copy was being sent to appellee and it merely stated that the policy would be cancelled at a future date if the premium was not paid.

Under the terms of the endorsement, the appellee was entitled to a specific demand for payment. Furthermore, there was a failure to comply with the provision of the endorsement entitling the appellee to 10 days notice of cancellation of the policy. A notice of possible future cancellation in 10 days did not suffice as the endorsement clearly requires that 10 days notice be given if the policy is cancelled. The wording of the endorsement requires after-the-fact notification, not before-the-fact notification.

In *Fidelity-Phenix Fire Ins. Co.*, our Supreme Court quoted with approval the following language from a decision of the Supreme Judicial Court of Maine: (39 Ariz. at 282–283, 6 P.2d at 49)

" 'But in reason and based on the authorities, a mortgagee under such a clause [union mortgage clause] is protected only where the act or neglect of the mortgagor or owner is unknown to him. (citing cases) If he has actual knowledge of any act or neglect that would invalidate the policy, or such knowledge of facts as would induce a man of ordinary prudence to make further inquiries, which would have disclosed acts or neglect by the mortgagor that would void the policy either at its inception or afterward, then the provisions of the "union mortgage clause" will not protect him. He is in such cases chargeable with knowledge of all facts which by the exercise of reasonable diligence he would have ascertained. The means of knowledge under such circumstances are the same as knowledge itself. (citing cases)' "

Appellant contends that under this rule the appellee was required to take affirmative steps to determine whether the premium had been paid.

With this contention we do not agree. It is our opinion that the Supreme Court did not intend the rule set forth in Fidelity-Phenix to apply to a fact situation such as the one presently before us. In the present case there was a separate premium paid for the breach of warranty endorsement. Two notices of possible future cancellation had

been sent out prior to the one with which we are now concerned. At each prior time the premium was paid. The appellee had every reason to believe that if the premium was not paid, then the appellant would make specific demand for payment on the appellee and give the appellee 10 days notice that the policy had been cancelled. To hold otherwise would be tantamount to saying that when two parties contract, in an insurance policy, for notice to be given in a certain manner, one party can ignore his contractual burdens and effectively transfer the burdens to the other party by merely giving the other party notice that something may happen in the future which will have an effect on their contractual relationship. In our opinion, the law does not countenance such a rule.

Judgment affirmed.

CAMERON, C. J., and DONOFRIO, J., concur.