Edward S. Conway, J.
This is a motion by the plaintiff for an order striking out defendants ’ answers and directing summary judgment upon the cause of action set forth in the complaint against the defendants.
The action upon which the instant motion is predicated was brought to recover under the standard mortgagee provisions of two policies of fire insurance issued by the respective defendants Jamestown Mutual Insurance Company and Utica Mutual Insurance Company insuring certain premises and improvements thereon located in the Town of Berne, County of Albany and State of New York, with plaintiff listed as first mortgagee therein and insured thereby as plaintiff’s interest might appear.
The policy of insurance issued by the Jamestown Mutual Insurance Company provided coverage in the sum of $25,000 for a period of three years commencing on November 4, 1969 and expiring on November 4, 1972. The Utica Mutual Insurance Company provided coverage in the amount of $40,000, and commenced on August 13, 1971. The dwelling insured under the afore-mentioned policies was damaged by fire on August 15, 1971. On February 18, 1972, plaintiff demanded of defendants that they pay the plaintiff the sum due it under the aforesaid mortgage and defendants have refused to pay the plaintiff. In their answers to the plaintiff’s action, defendant Jamestown Mutual Insurance Company asserted a general denial. The answer of Utica Mutual Insurance Company consisted of a general denial and two affirmative defenses. Utica Mutual Insurance Company contends that any policy issued by it was *702 void ab initio because of a material misrepresentation made by the mortgagor when obtaining the policy and that Utica Mutual Insurance Company’s liability, if any, should be limited by an apportionment clause contained in its policy.
The court cannot agree with these contentions. A fire insurance contract indorsed with the standard mortgagee clause creates an independent contract for the insurance of the mortgagee’s interest. (Syracuse Sav. Bank v. Yorkshire Ins. Co., 301 N. Y. 403; Goldstein v. National Liberty Ins. Co., 256 N. Y. 26.) It is just as if the mortgagee received a separate policy from the company whereby insurance payable to the mortgagee shall not be invalidated by any act or neglect of the mortgagor. (Syracuse Sav. Bank v. Yorkshire Ins. Co., supra; Hessian Hills Country Club v. Home Ins. Co., 262 N. Y. 189.) Affirmative defenses dealing with factual issues surrounding the mortgagor’s conduct have no bearing on the mortgagee’s motion for summary judgment.
The defendant Utica Mutual Insurance Company’s contention that their maximum liability would be governed by the pro rata apportionment clause in their policy does not affect plaintiff’s right to a summary judgment. The court, pursuant to CPLB 3212 (subd. [c]) orders an immediate trial before the court and a jury .to determine the amount of damages to be borne by each company.
Therefore, the plaintiff’s motion for summary judgment is granted.