0689

Mary Spann R. BRIGGS and Eleanora Richardson Hutto, Appellants v. Henry B. RICHARDSON, Sr., Lucien E. Richardson and Betty Richardson Keels, Respondents.

(343 S.E. (2d) 653)

Court of Appeals

*E. Leroy Nettles,* of *Nettles, Floyd, Turbeville & Reddeck,* Lake City, *for appellants.*

*Howard P. King* and *Terrell T. Horne,* of *Bryan, Bahnmuller, King, Goldman & McElveen,* Sumter, *for respondents.*

Heard Nov. 20, 1985.

Decided April 28, 1986.

GARDNER, Judge:

Mary Briggs (Mary) and Eleanora Hutto (Eleanora) sued their brothers, Lucien Richardson (Lucien) and Henry Richardson (Henry) and their sister Betty Keels (Betty) to establish a constructive trust, for an accounting and partition of their mother's 249-acre homeplace. The action was instituted after the mother's will was probated and the estate closed. In her will she devised her estate to Lucien. The appealed order found that the plaintiffs failed to establish the existence of a constructive trust by clear and convincing evidence. We affirm.

The mother was living with Eleanora at the time of her death at age 91. Eleanora testified that on September 27, 1974, Lucien came to see his mother and they talked about her property; the mother allegedly was upset by the conversation and after Lucien left she wrote a note to her attorney directing him to change her will. Eleanora testified that Lucien's son placed this note in the mailbox at the front of the house but that Eleanora later removed the letter and took it to Lucien. Eleanora then says that Lucien asked her not to mail the letter and assured her that he would divide his mother's estate equally. Lucien denied this conversation and testified that he only saw the letter after the commencement of this action. Eleanora testified that she kept the letter in her possession, unopened for two years and that she then took it to her attorney's office where it was opened.

The mother died on January 9, 1975; the will was not contested and was proved in common form. Only Lucien received under the will.

At issue on appeal are whether (1) the plaintiffs failed to prove by clear and convincing evidence the existence of a constructive trust; and, whether the trial judge erred (2) in allowing testimony of a witness whose name was not disclosed pursuant to interrogatories, (3) in finding that the plaintiffs were the cause of the frustration of their mother's contemplated modification of her will, and (4) in failing to rule on objections made to certain evidence.

A constructive trust, otherwise known as a trust ex maleficio, a trust ex delicto, a trust do son tort, an involuntary trust or an implied trust is a trust by operation of law which arises against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of a wrong or by any form of unconscionable conduct, artifice, concealment, or questionable means and against good conscience, either has obtained or holds the right to property which he ought not in equity and good conscience to hold and enjoy. 76 Am. Jur. (2d) Section 221 page 446. The burden of proof to establish a constructive trust requires clear and convincing evidence. *Baptist Foundation for Christian Education v. Baptist College at Charleston*, 282 S. C. 53, 317 S. E. (2d) 453 (Ct. App. 1984). This, of course, requires more than a simple preponderance of the evidence. In the light of the above standard of proof and after a detailed study of the entire record, we conclude that the plaintiffs failed to establish a constructive trust by clear and convincing evidence.

Rule 33(b), S.C.R.C.P., *inter alia*, requires disclosure to opposing counsel of the names and addresses of known witnesses as to the facts of the case; this is a continuing duty.[1] *Laney v. Hefley*, 262 S. C. 54, 202 S. E. (2d) 12 (1974). The name of Elizabeth Regenovich, Lucien's daughter, was not disclosed in answer to interrogatories. Defendants contended that the rule did not apply to witnesses used for impeachment purposes only. Impeachment witnesses are subject to the rule. *Reed v. Clark*, 277 S. C. 310, 286 S. E. (2d) 384 (1982). We find this harmless error, however, because this witness's testimony was unnecessary to our conclusion that the plaintiffs failed to prove the exis-

---

[1] This rule in pertinent part is former Circuit Court Rule 90.

tence of a constructive trust by clear and convincing evidence. Furthermore, the sanction of exclusion of a witness should never be lightly invoked. *Martin v. Dunlap*, 266 S. C. 230, 222 S. E. (2d) 8 (1976). We therefore reject this contention.

We find no merit in question number three.

We also reject plaintiffs' contention that certain objections to evidence, which were reserved at the time the objections were made, were not ruled upon by the trial jduge. We disagree and quote from the decree:

> There were numerous factual situations and legal issues, i.e., Statute of Frauds, Dead Man's Statute, use of deposition of Henry B. Richardson, conflicts between the de bene esse and discovery depositions of Henry B. Richardson, the calling of a witness not listed on Answers to Interrogatories, etc., which are not discussed in detail. However, all have been carefully considered.

We find that the above quote constitutes a ruling on the objections made by plaintiffs; furthermore, even if there were error by the judge in not ruling on the objections by the plaintiffs, this would not change our conclusion that the plaintiff failed to prove a constructive trust.

For the above stated reasons, the appealed order is affirmed.

Affirmed.

SANDERS, C. J., and CURETON, J., concur.