23229

SSI MEDICAL SERVICES, INC., Respondent v. Donald L. COX; Heritage Trust Federal Credit Union; North Charleston National Bank of South Carolina; Port City Leasing, Inc., A South Carolina Corporation; and Southland Trucking Company, A South Carolina Corporation, Defendants, of whom Donald L. Cox is Appellant.

(392 S.E. (2d) 789)

Supreme Court

*Don C. Gibson,* North Charleston, *for appellant.*

*Stephen P. Groves,* of *Young Clement, Rivers & Tisdale,* Charleston, *for respondent.*

Submitted March 20, 1990.

Decided June 29, 1990.

HARWELL, Justice:

This case involves the issue of whether the trial judge properly entered summary judgment in favor of respondent.

## I. FACTS

Respondent SSI Medical Services, Inc. (SSI) is a corporation headquartered in Charleston engaged in the manufacture and distribution of medical equipment. Its principle product is hospital beds. At one time, SSI provided automobiles and trucks for the business use of some of its employees. These vehicles were leased and the total fleet was comprised of approximately 850 vehicles. During appellant Donald L. Cox's (Cox) tenure with SSI, he was employed as the manager of

the automobile and truck fleet. This action stems primarily from Cox's handling of the automobile fleet.

The normal lease term for automobiles was the first of either two years or 50,000 miles. When an automobile lease expired, the automobile was returned to the leasing company for disposal. SSI and the individual leasing company would then agree on the residual value of the automobile. If the leasing company was able to sell the automobile at either the residual value or more, SSI would pay nothing extra or receive the excess. If the leasing company received less than the residual value of the automobile, SSI would pay the leasing company the difference.

This situation provided no incentive to the leasing companies to obtain a sale of the automobiles at a price at or above the residual values as SSI more often had to pay the leasing company an additional amount. Cox believed that he could save SSI money by disposing of the automobiles himself thereby eliminating the leasing companies' participation. SSI agreed and Cox began selling the leased automobiles through wholesalers and occasionally made retail sales. When Cox sold an automobile, he would obtain the purchaser's personal check in the amount of the purchase price which was payable to either him or cash. More often than not, he would obtain a purchase price in excess of the residual value. Cox would then deposit the check into his personal checking account at North Carolina National Bank. Once the check cleared, Cox would obtain a cashier's check payable to the leasing company for the residual value or an amount slightly higher.

Cox was able to process a substantial number of automobiles through his personal disposal system. It is undisputed that Cox kept funds placed in his personal NCNB account for his personal use which constituted the difference between the residual value or slightly higher and the actual price he received from the sales. SSI was not aware that Cox was retaining funds from the automobile sales. Cox did not report or provide a reconciliation statement to SSI detailing the automobile sales, funds obtained, or funds he retained.

After SSI discovered what Cox was doing, Cox resigned from SSI. SSI initiated this action against Cox and other defendants including institutions where Cox maintained banking accounts and two companies owned by Cox.

Although a complete procedural history is not necessary, SSI's complaint alleged causes of action for conversion, constructive trust, and claim and delivery against all defendants. SSI also sought an order of attachment on Cox's bank accounts and actual and punitive damages from Cox. SSI also sought a court order requiring that Cox hold funds in a constructive trust for the benefit of SSI, that Cox account to SSI, that Cox's bank accounts be frozen, and that the bank accounts of Cox's two companies be frozen. An order of attachment was issued. Cox's companies denied liability as did Cox. Cox however, counterclaimed for abuse of process and conversion.

SSI filed motions for summary judgment as to Cox's counterclaims and as to liability on SSI's claims against Cox. The trial judge issued an order granting SSI's motion for summary judgment as to the liability of Cox for the causes of action for conversion and constructive trust. SSI received summary judgment in its favor as to Cox's counterclaim for abuse of process, but the trial judge permitted Cox's conversion action against SSI to continue. Cox appeals from this order.

## II. DISCUSSION

Summary judgment is appropriate when it is clear that there is no genuine issue of material fact and the conclusions and inferences to be drawn from the facts are undisputed. *U.S. Leasing Corp. v. Janicare, Inc.*, 294 S.C. 312, 364 S.E. (2d) 202 (Ct. App. 1988); *South Carolina National Bank v. Joyner*, 289 S.C. 382, 346 S.E. (2d) 329 (Ct. App. 1986). In ruling on a motion for summary judgment, the evidence and the inferences which can be drawn therefrom should be viewed in the light most favorable to the nonmoving party. *Davis v. Piedmont Engineers, Architects & Planners, P.A.*, 284 S.C. 20, 324 S.E. (2d) 325 (Ct. App. 1984).

Further, Rule 56(e), SCRCP requires that when a motion for summary judgment is made and supported as provided by the rule, an adverse party may not rest upon the mere allegations or denials of his pleadings. The adverse party's response, including affidavits or as otherwise provided by the rule, must set forth specific facts showing there is a genuine issue for trial.

After reviewing the record and the evidence including all reasonable inferences from that evidence in the light most favorable to Cox, we find that there are no genuine issues of material fact and the trial judge did not err in granting SSI summary judgment as to Cox's liability on SSI's conversion and constructive trust claims for the reasons discussed below.

## A. WHETHER THE TRIAL JUDGE ERRED IN GRANTING SSI SUMMARY JUDGMENT AS TO COX'S LIABILITY ON SSI'S CONVERSION CLAIM

Cox argues that the trial judge erred in granting summary judgment to SSI regarding Cox's liability on its conversion cause of action because a claim for money cannot be the subject of a conversion action. Cox also argues that: (1) there has been no demand by SSI for the return of the claimed property and refusal by Cox, and (2) SSI gave Cox permission to deal with the property at issue and therefore acquiesced in his scheme.

Conversion is a wrongful act and has been defined as the unauthorized assumption in the exercise of the right of ownership over goods or personal chattels belonging to another to the exclusion of the owner's rights. *Owens v. Andrews Bank & Trust Co.*, 265 S.C. 490, 220 S.E. (2d) 116 (1975). Conversion may arise by some illegal use or misuse, or by illegal detention of another's chattel. *Id.* Money may be the subject of conversion when it is capable of being identified and there may be conversion of determinate sums even though the specific coins and bills are not identified. *Id;* 89 C.J.S. *Trover and Conversion* § 23 (1955).

Therefore, Cox is incorrect in his statement that money may not be the subject of a conversion action.

Cox alleges that SSI failed to set forth a conversion claim because the money is not determinate or identifiable. We find that SSI has sufficiently established a determinate amount of money that was converted. SSI's complaint and an accompanying affidavit state that Cox has wrongfully retained not less than $121,489.64 due to his handling of the sale of 35 vehicles. SSI can also identify into which account these sums were deposited. Further, any problems SSI has encountered in determining the specific amounts Cox mishandled is due to Cox's fault as he kept no records, made

no reports to SSI, and made no report of this income for tax purposes. Additionally, summary judgment was granted to SSI as to Cox's liability only. SSI will still have to specifically prove each element of its damages.

Cox also alleges that the trial judge erred in granting summary judgment to SSI as to Cox's liability on the conversion claim because there was no demand by SSI that the funds be returned or refusal by Cox. Although this issue was raised in Cox's answer to SSI's complaint, it was never ruled on by the trial judge or raised in an appropriate post-trial motion. Therefore, this issue is not properly before this Court. *Talley v. South Carolina Higher Educ. Tuition Grants Committee*, 289 S.C. 483, 347 S.E. (2d) 99 (1986) (an issue raised but not ruled on by the trial judge is not preserved for appeal).

Even if such argument was properly before this Court, we find it to be without merit. Demand and refusal are unnecessary where as here, the conversion resulted from Cox's securing possession of the property, or in this case, the money, illegally, tortiously, by fraud, or other wrongful conduct. 18 Am. Jur. (2d), *Conversion* § 84 (1985); *McPherson v. Neuffer & Hendrix*, 45 S.C.L. (11 Rich.) 267, 281 (1858) (if a party wrongfully assumes property belonging to another or wrongfully uses it, it amounts to a direct conversion and a demand and refusal are not necessary before bringing an action).

Cox's last argument as to why the trial court judge erred in granting SSI summary judgment as to Cox's liability on the conversion claim is that SSI failed to establish a conversion claim because SSI gave Cox permission to deal with the property. This argument is without merit. Although SSI gave Cox permission to sell the vehicles, SSI did not give Cox permission to retain any of the proceeds of the sales.

The evidence overwhelmingly reflects that Cox wrongfully retained funds owing to SSI. Although argued in Cox's brief, there is no evidence in the record itself that there was any arrangement between SSI and Cox that allowed Cox to retain the proceeds from the sale of leased vehicles. By Cox's own admissions, no one at SSI knew that he was depositing and keeping proceeds in his own

account from the sale of the vehicles and not passing them along to SSI. Cox stated that he never told anyone that he was doing this and was unaware of anyone at SSI having knowledge of such. SSI could not acquiesce in Cox's scheme because SSI was unaware that Cox was acting in a manner inconsistent with its rights in relation to its property. Consequently, the trial judge did not err in granting summary judgment to SSI on the issue of liability as to its conversion claim against Cox.

## B. WHETHER THE TRIAL JUDGE ERRED IN GRANTING SSI SUMMARY JUDGMENT AS TO COX'S LIABILITY ON SSI'S CONSTRUCTIVE TRUST CLAIM

SSI asserted a cause of action against Cox for constructive trust. Cox contends that the trial judge erred in granting SSI summary judgment as to his liability on this issue because SSI failed to show any inequity to SSI by his retention of funds received in excess of the residual value of the vehicles. He argues that even though he kept the surplus amounts received, his actions actually benefitted SSI in that he successfully stopped SSI's losses. We disagree.

A constructive trust arises entirely by operation of law without reference to any actual or supposed intentions of creating a trust. *Whitmire v. Adams*, 273 S.C. 453, 257 S.E. (2d) 160 (1979). A constructive trust arises whenever a party has obtained money which does not equitably belong to him and which he cannot in good conscience retain or withhold from another who is beneficially entitled to it as where money has been paid by accident, mistake of fact, or fraud, or has been acquired through a breach of trust or the violation of a fiduciary duty. *Wolfe v. Wolfe*, 215 S.C. 530, 56 S.E. (2d) 343 (1949). In order to establish a constructive trust, the evidence must be clear and convincing. *Briggs v. Richardson*, 288 S.C. 537, 343 S.E. (2d) 653 (Ct. App. 1986). A confidential or fiduciary relationship exists when one reposes special confidence in another so that the latter, in equity and good conscience, is bound to act in good faith and with due regard to the interests of the one reposing the confidence. *Island Car Wash, Inc. v. Norris*, 292 S.C. 595, 358 S.E. (2d) 150 (Ct. App. 1987).

We find that a constructive trust is appropriate in this case and SSI is entitled to summary judgment in its favor as to Cox's liability under this cause of action. Cox was an employee of SSI at the time he began the disposal of SSI's leased vehicles. Cox was employed as SSI's fleet manager from 1983 through 1987 and as SSI's director of transportation from October of 1987 through April of 1988. He was in a position of trust and responsibility with SSI.

Cox admitted that when he sold the leased vehicles, he retained part of the funds that he received from the sale of the individual vehicles. Cox never told the management of SSI that while handling the sale of the leased vehicles, he would make a personal profit on each transaction. No one at SSI was aware that Cox was retaining profits from the vehicles sold. The profits Cox retained from the sale of the vehicles were acquired through a breach of trust and fiduciary duty. Although Cox argues in his brief that he had an arrangement with SSI which permitted him to retain these funds, there is nothing in the record to support this assertion. Cox retained funds which did not equitably belong to him and which in good conscience, he should not have retained.

C. WHETHER THE TRIAL JUDGE ERRED IN GRANTING SSI SUMMARY JUDGMENT AS TO COX'S LIABILITY ON SSI'S CONVERSION AND CONSTRUCTIVE CLAIMS BECAUSE DAMAGES FOR COX'S COUNTERCLAIM FOR CONVERSION AGAINST SSI MAY EXCEED SSI'S CLAIMS AGAINST COX

Cox's last argument is that the trial judge erred in granting summary judgment in favor of SSI as to Cox's liability on SSI's conversion and constructive trust causes of action because damages for Cox's conversion claim against SSI could exceed the total amount of damages for SSI's claims against Cox. This argument is without merit.

Some jurisdictions follow the rule that, where a meritorious counterclaim exists, which potentially exceeds in amount the plaintiff's claim, summary judgment should not be granted on the plaintiff's claim. *See, e.g., Kirkpatrick v. First State Bank*, 265 Ark. 285, 578 S.W. (2d)

28 (1979). We decline to adopt this rule. Instead, when summary judgment for the plaintiff on its claim is otherwise appropriate, we view it as proper to grant the motion despite the presence of a meritorious counterclaim. However, in order to protect the defendant, we follow those jurisdictions which prevent execution by the plaintiff on this judgment until the counterclaim is fully adjudicated. *See, e.g., Elliott-Lewis Corp. v. Graeff*, 11 N.J. Super. 567, 78 A. (2d) 591 (1951); *Farmers Co-op. Elevator Co., Panora v. Knapp*, 259 N.W. (2d) 762 (Iowa 1977). Hence, we reject Cox's contention that summary judgment for SSI was prevented by the presence of his counterclaim.

### III. CONCLUSION

We find that the trial judge did not err in granting SSI summary judgment as to Cox's liability on SSI's conversion and constructive trust claims against Cox for the reasons discussed above. The trial court shall proceed to determine the amount of damages owed to SSI on its claims against Cox and to Cox on his counterclaim for conversion against SSI.

Affirmed.

GREGORY, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.