488 S.E.2d 339

## NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant/Respondent,

v.

## Robbin T. HUNT and First Citizens Bank, as Custodian for Don E. Taylor, IRA, Defendants,

## of whom First Citizens Bank, as Custodian for Don E. Taylor, IRA, is, Respondent/Appellant.

### No. 24644.

Supreme Court of South Carolina.

Heard April 2, 1997.
Decided July 21, 1997.

Hoover C. Blanton, Jeter E. Rhodes, Jr. and G.D. Morgan, Jr., all of McCutchen, Blanton, Rhodes & Johnson, L.L.P., Columbia, for Appellant.

H. Jackson Gregory, of Gregory & Gregory, Columbia, for Respondent.

TOAL, Justice:

The primary issue in this insurance contract dispute is Nationwide Mutual Insurance Company's ("Insurance Company") appeal of the directed verdict in favor of First Citizens

Bank ("Mortgagee") on the issue of breach of contract. We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

In March 1992, Robbin T. Hunt ("Hunt") obtained a $7,000 loan from Mortgagee. This was a third mortgage on Hunt's property. In early February 1993, she obtained another loan from Mortgagee; this one was for $5,000. Later in the same month, Hunt was issued a policy of fire insurance on her house by Insurance Company. On April 12, 1993, Hunt's property was destroyed by fire.

Insurance Company commenced this action against Hunt and Mortgagee, seeking a declaratory judgment that it was not liable under the fire insurance policy. Hunt and Mortgagee separately counterclaimed for breach of contract and bad faith refusal to pay insurance claim. The case was tried. The trial court directed a verdict on Mortgagee's counterclaim for breach of contract and entered judgment in the amount of $10,300. The remaining issues went before the jury, which found that Insurance Company had proven Hunt had made fraudulent representations regarding material issues in her application for fire insurance and that Insurance Company had proven Hunt engaged in intentional acts that caused a loss by fire or civil arson. The jury further found that Mortgagee had not proven that Insurance Company had acted in bad faith in handling the fire insurance benefit claim.

Insurance Company now appeals the directed verdict in favor of Mortgagee. The primary issue before the Court is whether Mortgagee may recover under the insured's fire insurance policy, despite the insured's acts of fraud, intentional concealment, and misrepresentation. Mortgagee has cross-appealed, arguing that the trial court erred in not instructing the jury as to the relevance of the directed verdict in Mortgagee's favor. Moreover, it disputes the court's denial of its motion for J.N.O.V. or, in the alternative, a new trial.

## LAW/ANALYSIS

### A. COVERAGE FOR MORTGAGEE

Insurance Company argues that because the fire insurance policy was obtained through fraud, intentional concealment,

and misrepresentation by Hunt, the policy was void *ab initio*, and there was no coverage for Mortgagee. We disagree. Insurance Company cites the following language from the policy:

The entire policy will be void if, whether before or after a loss, you have:

 a. intentionally concealed or misrepresented any material fact or circumstance;

 b. engaged in fraudulent conduct; or

 c. made false statements;

relating to this insurance.

It argues that because the entire policy would be void under this provision, Mortgagee's interest would likewise be extinguished.

 ■ The law is well settled on the question of whether a mortgagee may recover on an insurance policy where there has been misconduct by the insured. A mortgagee's ability to recover largely depends on the type of mortgagee clause used in the insurance contract. There are two major categories of mortgagee clauses: (1) loss-payable and (2) standard clauses. A loss-payable (or open mortgage) clause typically declares that the loss, if any, is payable to a mortgagee as its interest might appear. *Walker v. Queen Ins. Co.*, 136 S.C. 144, 134 S.E. 263 (1926). The standard (or union or New York mortgage) clause uses language similar to the loss-payable, but further stipulates that, as to the interest of the mortgagee, the insurance shall not be invalidated by certain specified acts of the insured, which continue as grounds of forfeiture against him. *See id.* The following is an example of a standard clause:

[T]his insurance, as to the interest of the mortgagee only, shall not be invalidated by any act or neglect of the mortgagor or the owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership [of] the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy, provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee shall, on demand, pay the same.

5A John A. Appleman A. Jean Appleman, Insurance Law & Practice § 3401 (1970 & Supp.1997).

Under loss-payable clauses, it has been held that an insured's misconduct bars recovery by the mortgagee. On the other hand, if the contract includes a standard clause, then the interests of the mortgagee in the proceeds of the policy will not be invalidated by the misconduct of the insured. *See* D.E. Evins, Annotation, *Fraud, False Swearing, or Other Misconduct of Insured as Affecting Right of Innocent Mortgagee or Loss Payee to Recover on Property Insurance,* 24 A.L.R.3d 435 (1969 & Supp.1996).

The difference between the two types of clauses has been explained in this way: The loss-payable clause merely identifies the person who may collect the proceeds. Insurance Law & Practice § 3401. Under such a clause, the mortgagee stands in the insured's shoes and is usually subject to the same defenses; however, with the standard form, the mortgagee may become liable to pay the premium to the insurance company, and in return, is freed from policy defenses which the company may have used against the insured. *Id.* Thus,

the modern decisions are unanimous, and the earlier decisions virtually so, in holding that a mortgagee under a standard mortgage clause may (where not guilty himself of any breaches of policy conditions) recover from the insurer for a loss sustained by the mortgaged property, even though the risk be excluded from the policy coverage, where any act of the mortgagor has caused or contributed to the loss as resulting from an excluded risk; and even though as between the mortgagor-insured and the insurer there is no coverage because of some default by the mortgagor.

*Ingersoll–Rand Fin. Corp. v. Employers Ins. of Wausau,* 771 F.2d 910, 913 (5th Cir.1985), *cert. denied,* 475 U.S. 1046, 106 S.Ct. 1263, 89 L.Ed.2d 573 (1986); *see also Foremost Ins. Co. v. Allstate Ins. Co.,* 439 Mich. 378, 486 N.W.2d 600, 602–03 (1992)(Under the standard clause, "a lienholder is not subject to the exclusions available to the insurer against the insured because an independent or separate contract of insurance exists between the lienholder and the insurer."); *Equality Sav. & Loan Ass'n v. Missouri Property Ins. Placement Facility,* 537 S.W.2d 440, 441 (Mo.Ct.App.1976)(Standard

mortgage clause "has been interpreted to mean that such insurance is not invalidated by any act or neglect on the part of the mortgagor before, at the time of, or after the policy is issued."); *National Commercial Bank & Trust Co. v. Jamestown Mut. Ins. Co.,* 70 Misc.2d 701, 334 N.Y.S.2d 1000, 1001 (N.Y.Sup.Ct.1972)("A fire insurance contract endorsed with the standard mortgagee clause creates an independent contract for the insurance of the mortgagee's interest."); *Aetna Life & Casualty Co. v. Charles S. Martin Distrib. Co.,* 120 Ga.App. 133, 169 S.E.2d 695, 696 (1969)(Under a New York standard mortgagee clause, the fact that insured had wilfully and fraudulently burned her property in order to collect the insurance thereon, does not bar mortgagee's claim to the proceeds of the policy.).

South Carolina cases are very much in line with the approach of the majority of jurisdictions. In *Orenstein v. New Jersey Ins. Co.,* 131 S.C. 500, 512, 127 S.E. 570, 574 (1925), we concluded that "In standard or union form of loss payable clause the mortgagee is entitled to full protection, and no act or neglect of the insured can prejudice his rights." In *Prudential Ins. Co. v. Franklin Fire Ins. Co.,* 180 S.C. 250, 185 S.E. 537 (1936), which involved the construction of a New York standard form of mortgagee clause attached to a policy of fire insurance, the Court declared that "The mortgage clause constitutes an independent agreement between the insurance company and the mortgagee." *Prudential,* 180 S.C. at 253, 185 S.E. at 538. More recently, in *Fort Hill Federal Savings & Loan Association v. South Carolina Farm Bureau Insurance Company,* 281 S.C. 532, 316 S.E.2d 684 (Ct.App. 1984), the Court of Appeals considered a policy containing a standard mortgagee clause. The insured gave the insurance company a bad check for the premium, and by separate action, it was determined that the insurance company was absolved of liability to the insured. As to the insurance company's liability to the mortgagee, the insurance company argued that the mortgagee named in the standard mortgagee clause was simply a third-party beneficiary of the contract between the insured and the insurance company. It further contended that the contract was "void *ab initio* " as to mortgagee because of insured's failure to pay the premium.

██ The Court of Appeals rejected this argument, writing, "Even though the policy might be void *ab initio* as to the [insured] because of nonpayment of the premium, it remained viable as to [mortgagee] until cancelled in accordance with the mortgagee cancellation clause." *Id.* at 537, 316 S.E.2d at 687. The opinion reasoned that the "mortgagee in this state occupies a unique position; his status is separate from the mortgagor and this status is so independent that no act or neglect by the mortgagor can derogate this status provided that if the mortgagor fails to pay the premium, the mortgagee will on demand." *Id.* at 537, 316 S.E.2d at 687–88. The Court of Appeals explained that

> in South Carolina we do not fully accept the majority rule that a standard mortgagee clause creates a distinct and independent insurance contract.... A mortgagee's rights under a fire insurance policy are dependent upon the existence of a secured debt owed the mortgagee by the mortgagor-insured; to this extent the mortgagee cannot be independent of the insured.

*Id.* at 537, 316 S.E.2d at 687. However, the opinion continued by explaining the difference between South Carolina's approach and that of the majority:

> [T]here is, in reality, only a semantic difference in the South Carolina rule and the majority rule that the mortgagee clause creates a distinct and independent contract. Our court wisely reserves certain conditions and subrogation rights, but absent these considerations, our rule vests the mortgagee with a status which includes all of the rights incident to an independent and separate contract and the insured can do nothing either by act or neglect which will divest him of these rights other than payment in full of the mortgage indebtedness.

*Id.* at 538–39, 316 S.E.2d at 688. We agree with the Court of Appeals that there is no substantive difference between the majority rule and the rule in South Carolina.

██ The contract between the insured Hunt and Insurance Company contains a standard mortgagee clause:

> If a mortgagee is named in this policy, any loss payable under Coverage A or B will be paid to the mortgagee and you, as interests appear. If more than one mortgagee is

named, the order of payment will be the same as the order of precedence of the mortgages.

If we deny your claim, that denial will not apply to a valid claim of the mortgagee, if the mortgagee:

 a. notifies us of any change in ownership, occupancy or substantial change in risk of which the mortgagee is aware;

 b. pays any premium due under this policy on demand if you have neglected to pay the premium; and

 c. submits a signed, sworn statement of loss within 60 days after receiving notice from us of your failure to do so. Policy conditions relating to Appraisal, Suit Against Us and Loss Payment apply to the mortgagee.

If we decide to cancel or not to renew this policy, the mortgagee will be notified at least 10 days before the date cancellation or nonrenewal takes effect.

Insurance Company argues that this provision is not a standard clause because it does not contain precisely the same wording of such clauses, specifically, "... the interest of the mortgagee only, shall not be invalidated by any act or neglect of the mortgagor or the owner...." We disagree. The present clause, with its wording "If we deny your claim, that denial will not apply to a valid claim of the mortgagee....," is substantially the same as the wording of typical standard clauses. It would elevate form over substance to adopt Insurance Company's argument. Our conclusion is buttressed by the fact that Insurance Company's policy was specially written in simple language. The policy begins with the following introductory statement:

Now—Fire insurance protection you can count on in a policy you can understand.

You now have a different kind of insurance policy. One that's readable, understandable, straightforward.

One of the distinguishing features of standard clauses is that they require the mortgagee to pay premiums on the policy if the insured fails to do so. Such clearly is the case here: "denial [of insured's claim] will not apply to a valid claim of the mortgagee, if the mortgagee ... pays any premium due under this policy on demand if [insured] ha[s] neglected to pay the premium...." Although its wording is not precisely the

same as typical standard clauses, the clause in dispute here is clearly a standard clause. Thus, Mortgagee has an independent status which authorizes recovery by it, even though recovery is precluded as to Hunt.

Insurance Company further argues that paragraph 3 of the contract declares that the entire policy is void if there is intentional concealment, fraudulent conduct, or false statements by the insured, and as such, this provision trumps the mortgage clause. This provision is clearly directed toward Hunt, the insured. To apply it to Mortgagee as well would render the mortgagee clause of the contract a nullity. This argument must also be rejected because it would in effect overrule the majority rule discussed above, which states that mortgagee may recover under standard mortgagee clauses despite the insured's misconduct.

 Insurance Company raises other arguments including that Mortgagee was aware of a substantial change in risk. This argument was not raised below and is thus barred. *See SSI Medical Servs., Inc. v. Cox,* 301 S.C. 493, 392 S.E.2d 789 (1990). Even if it were preserved, factual support for this argument has not been offered. Insurance company has not presented any evidence that Mortgagee was aware of a "substantial change in risk" after the policy was issued. Insurance Company further argues that Hunt was agent of Mortgagee; therefore, the voiding of her policy would be binding on the principal Mortgagee. This argument is without merit. As discussed above, the standard mortgagee clause creates an independent contract for the insurance of the mortgagee's interest; accordingly, denial of Hunt's claim has no effect on that of Mortgagee.

## B. BAD FAITH COUNTERCLAIM

Mortgagee argues that the trial court erred in not properly instructing the jury as to the relevance of the directed verdict in favor of Mortgagee for breach of contract on Mortgagee's counterclaim on the issue of bad faith. It moreover argues that the court erred in refusing to grant Mortgagee's motion for J.N.O.V. or, in the alternative, a new trial on the issue of bad faith when the jury was prejudiced on Mortgagee's counterclaim by evidence of Hunt's fraud and deceit. Mortgagee

presents these arguments for the first time on appeal, as these arguments were not presented to, or ruled upon by, the trial court. Because they are not properly before this Court, we need not address them. *See SSI Medical Servs., Inc.,* 301 S.C. 493, 392 S.E.2d 789.

### CONCLUSION

Based on the foregoing, we **AFFIRM** both on the appeal of Insurance Company and Mortgagee's cross-appeal.

FINNEY, C.J., and MOORE, WALLER and BURNETT, JJ., concur.