**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

LaSalle Bank National Association, trustee for Lehman Brothers Structured Asset Investment Loan Trust Sail 2005-2,     Respondent,

v.

Laura T. Toney a/k/a Laurie T. Toney and Deutsche Bank National Trust Company,     Defendants,

Of whom Laura T. Toney a/k/a Laurie T. Toney is the     Appellant.

_____

Appeal From Orangeburg County
Olin D. Burgdorf, Master-in-Equity

_____

Unpublished Opinion No. 2012-UP-409
Submitted June 1, 2012 – Filed July 11, 2012

_____

**AFFIRMED**

_____

Laura T. Toney, pro se, of Bishopville.

B. Rush Smith, III, Michael J. Anzelmo, and Betsy Polk, all of Columbia, for Respondent.

**PER CURIAM:** Laura T. Toney appeals a master-in-equity's supplemental order and judgment of foreclosure and sale, arguing the master erred in failing to secure a court reporter for the foreclosure hearing and in violating her right to procedural due process. As to both of Toney's arguments, we affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: Herron v. Century BMW, 395 S.C. 461, 465, 719 S.E.2d 640, 642 (2011) ("At a minimum, issue preservation requires that an issue be raised to and ruled upon by the trial [court]."); SSI Med. Servs., Inc. v. Cox, 301 S.C. 493, 499, 392 S.E.2d 789, 793 (1990) (holding an issue raised to the trial court was not preserved for review when the trial court never ruled upon the issue and the issue was never raised in an appropriate post-trial motion); Germain v. Nichol, 278 S.C. 508, 509, 299 S.E.2d 335, 335 (1983) ("Appellant has the burden of providing this [c]ourt with a sufficient record upon which this [c]ourt can make its decision.").

**AFFIRMED.**

**PIEPER, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.